United States Court of Appeals
Fifth Circuit

**F I L E D**

April 12, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40607
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL FAVELA-MASUCA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-2287-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Raul Favela-Masuca appeals his conviction and sentence for illegal reentry after having been deported, in violation of 8 U.S.C. § 1326. Favela-Masuca contends the district court erred by applying an eight-level increase to his offense level, pursuant to U.S.S.G. § 2L1.2(b)(1)(C), because the conviction that resulted in his deportation, misdemeanor serious domestic abuse assault in violation of IOWA CODE ANN. §§ 236.2(2), 708.1 and 702.2A, is not a crime of violence under 18 U.S.C. § 16 and does

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not constitute an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C).

In United States v. Villegas-Hernandez, 468 F.3d 874 (5th Cir. 2006), cert. denied, ___ S. Ct. ___, No. 06-9050, 2007 WL 205014 (Feb. 20, 2007), this court determined that an offense is a crime of violence under § 2L1.2 only if the use of force was both intentional and an element of the offense. Villegas-Hernandez, 468 F.3d at 880-82. As the Government concedes, the use of force is not an element of serious domestic abuse assault under IOWA CODE ANN. §§ 236.2(2), 708.1 and 702.2A. The district court thus erred in applying an enhancement based on this offense. Accordingly, the sentence is vacated, and this matter remanded for resentencing in accordance with this opinion.

Favela-Masuca also challenges the constitutionality of the treatment of prior felony and aggravated felony convictions under 8 U.S.C. § 1326(b) as sentencing factors rather than elements of the offense that must be found by a jury. Favela-Masuca's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Favela-Masuca properly concedes that his argument is foreclosed in light of Almendarez-Torres and

circuit precedent, but he raises it here to preserve it for further review.

We deny as moot his motion to expedite the appeal.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING; MOTION TO EXPEDITE THE APPEAL DENIED AS MOOT.