# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1274

_____

United States of America

*Plaintiff - Appellee*

v.

Allen Gaines, also known as Snoop, also known as Allen Gaines

*Defendant - Appellant*

_____

No. 17-1597

_____

United States of America

*Plaintiff - Appellee*

v.

Ernest Terrell Lomax, also known as E, also known as Ernest Lomax

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: January 10, 2018
Filed: July 16, 2018

_____

Before SMITH, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

Ernest Terrell Lomax and Allen Gaines each pleaded guilty to the federal crime of Conspiracy to Distribute Heroin. In sentencing Lomax, the district court[1] applied a sentencing enhancement based on its conclusion that Lomax qualified as a career offender. Lomax objects to the application of the enhancement. In sentencing Gaines, the district court varied downward from the applicable Guidelines range. Gaines contends that his sentence was substantively unreasonable. We reject their arguments and affirm the judgments of the district court.

I.

A federal grand jury returned a multi-count, multi-defendant indictment charging Lomax and Gaines for, among other crimes, Conspiracy to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. Lomax and Gaines each pleaded guilty to the conspiracy charge.

At Lomax's sentencing, he objected to the court applying the career-offender enhancement. See U.S.S.G. § 4B1.1(b). The court overruled Lomax's objection and applied the enhancement. As a result, the court calculated Lomax's Guidelines range as 151–188 months of imprisonment and 36 months of supervised release. The court imposed a sentence of 151 months' imprisonment and 36 months' supervised release.

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

At Gaines's sentencing, the court calculated his Guidelines range as 151–188 months' imprisonment and 36 months' supervised release. The court agreed with Gaines that an applicable Guidelines enhancement overstated the seriousness of his behavior. The court then varied downward from the applicable range and imposed a sentence of 120 months' imprisonment and 36 months' supervised release.

Lomax and Gaines timely filed notices of appeal.

## II.

### A.

Lomax challenges the sentencing court's application of the career-offender enhancement to his Guidelines offense level. See U.S.S.G. § 4B1.1(b); see also id. §§ 4B1.1(a), 4B1.2(a)(1). The court concluded that Lomax qualified as a career offender because he had two prior predicate convictions. The issue on appeal is whether Lomax's prior conviction under Iowa Code § 708.2A(2)(c) (2012)[2] qualifies as a "crime of violence" under the Guidelines. See U.S.S.G. § 4B1.2(a). We review de novo a district court's conclusion that a prior conviction qualifies as a crime of violence. United States v. LeGrand, 468 F.3d 1077, 1081 (8th Cir. 2006).

Under the Guidelines, a "career offender" includes a defendant who "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)(3). A "crime of violence" is defined in part as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." Id. § 4B1.2(a)(1); see also id.

---

[2]References throughout this opinion to the Iowa Code refer to the Code as it existed in 2012—at the time of Lomax's offense—unless noted otherwise.

§ 4B1.1 cmt. n.1. Lomax concedes that he has one qualifying predicate conviction, but he disputes that his other purported predicate conviction had an element of physical force.

Relevant here, Lomax pleaded guilty to violating Iowa Code section 708.2A(2)(c), which provides: "On a first offense of domestic abuse assault, the person commits: . . . An aggravated misdemeanor, if the domestic abuse assault is committed with the intent to inflict a serious injury upon another, or if the person uses or displays a dangerous weapon in connection with the assault." This offense, it appears, can be committed in at least two ways: with an intent to inflict serious injury or by using a dangerous weapon. "Domestic abuse assault," as used in section 708.2A(2)(c), "means an assault, as defined in section 708.1, which is domestic abuse."[3] Iowa Code § 708.2A(1). Section 708.1, in turn, defines "assault":

> A person commits an assault when, without justification, the person does any of the following:
>
> 1. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.
> 2. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.
> 3. Intentionally points any firearm toward another, or displays in a threatening manner any dangerous weapon toward another.

The assault statute thus enumerates at least three actions that qualify as assault.

---

[3]"Domestic abuse" is defined in Iowa Code section 236.2(2)(a)–(d). The parties do not claim that this term affects our analysis; we therefore do not discuss it.

The Government claims that Lomax's statute of conviction (section 708.2A(2)(c)) is divisible because both section 708.2A(2)(c) and the statute defining assault (section 708.1) enumerate separate elements and offenses. Lomax appears to agree, stating, simply, that his offense is divisible.[4]

"Our first step in applying the crime-of-violence definition of section 4B1.2(a) . . . is to determine whether to apply the categorical or modified categorical approach." United States v. Ossana, 638 F.3d 895, 899 (8th Cir. 2011). Lomax and the Government agree that Lomax's statute of conviction "encompasses multiple different crimes, only some of which qualify as crimes of violence." Id.[5] We therefore apply the modified categorical approach. See Descamps v. United States, 570 U.S. 254, 263–64 (2013); Ossana, 638 F.3d at 899–900.

---

[4]Because Lomax does not dispute the Government's argument, we accept it for purposes of this appeal.

[5]See also United States v. Smith, 171 F.3d 617, 620–21 (8th Cir. 1999) (concluding that, under Iowa law, a simple misdemeanor assault committed by "[a]ny act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act," Iowa Code § 708.1(1) (1994), had an element of physical force, but that a simple misdemeanor assault committed by "[a]ny act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act," id. § 708.1(2) (1994), did not have an element of physical force); Kelly v. United States, 819 F.3d 1044, 1050 (8th Cir. 2016) (declaring, in an ineffective-assistance-of-counsel case, that Smith's conclusions about Iowa assault were dicta and Smith did not "discuss whether a conviction [for Iowa assault] . . . would qualify as a predicate offense for the career-offender enhancement"); United States v. Favela-Masuca, 247 F. App'x 464, 464 (5th Cir. 2007) (per curiam) (vacating a sentencing enhancement because, "[a]s the Government concede[d], the use of force is not an element of serious domestic abuse assault under Iowa Code Ann. §§ 236.2(2), 708.1, and 708.2A").

Under this approach, we attempt to ascertain which crime Lomax actually committed out of the multiple crimes included in the underlying statute of conviction. See Ossana, 638 F.3d at 899–900. To do so, we may consider a limited class of record materials, including "[j]udicial records," id. at 903, such as the "charging document . . . and any explicit factual finding by the trial judge to which the defendant assented," Shepard v. United States, 544 U.S. 13, 16 (2005).

At Lomax's sentencing, the Government placed in the record three documents relating to Lomax's underlying conviction: a preliminary complaint, a charging document, and his guilty plea and sentencing order. The parties agree these documents are proper Shepard documents that we may consider. In reviewing the documents, it is clear that Lomax's conviction was for "Domestic Abuse Assault with the Intent to Inflict Serious Injury," *not* "Domestic Abuse Assault with a Dangerous Weapon." The complaint lists the two separately (as do the Iowa Criminal Jury Instructions), and the Shepard documents explicitly identify Lomax as pleading guilty to Domestic Abuse Assault with the Intent to Inflict Serious Injury. We therefore ignore the dangerous-weapon provision of section 708.2A.

The next question then is whether the "assault" necessary for Lomax's conviction under section 708.2A has an element of physical force. Section 708.1, again, lists three types of assault:

> 1. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.
> 2. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.
> 3. Intentionally points any firearm toward another, or displays in a threatening manner any dangerous weapon toward another.

The Government concedes that some of these subsections do not have an element of physical force but asserts that subsection (1) does include a physical-force element. The Government also argues that, based on the Shepard documents, subsection (1) was an element of Lomax's conviction, not subsections (2) or (3).

Looking again to the Shepard documents, Lomax's guilty plea established a factual basis for his plea, upon which the district court properly relied. Specifically, Lomax admitted to "hit[ting the victim] around the head and neck." Lomax assented to this factual finding when pleading guilty and signing the guilty plea. See Shepard, 544 U.S. at 16. Comparing this factual finding with Iowa's assault statute, it is clear that Lomax—by hitting the victim around the head and neck—committed an assault under subsection (1). And because actual contact occurred, his act was not merely "intended to place another in fear of immediate physical contact." Iowa Code § 708.1(2). Nor could this factual finding support a conclusion that he committed the "assault" by pointing or displaying a dangerous weapon. See id. § 708.1(3).

By applying the modified categorical approach, we believe that Lomax pleaded guilty to committing an "act which [was] intended to cause pain or injury to, or which was intended to result in physical contact which w[ould] be insulting or offensive to another, coupled with the apparent ability to execute the act," id. § 708.1(1), and he did so "with the intent to inflict a serious injury upon another," id. § 708.2A(2)(c). As noted above, this offense qualifies as a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). "Physical force," the Supreme Court has declared, "means *violent* force—that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010).

We conclude that Lomax's offense had an element of physical force. By pleading guilty, Lomax affirmed that he committed an assault under section 708.1(1) and did so with the intent to inflict a serious injury. This showing qualified as the

use, attempted use, or threatened use, of physical force. See U.S.S.G. § 4B1.2(a)(1); Johnson, 559 U.S. at 140. Contrary to Lomax's contention, we can think of no non-fanciful, non-theoretical manner in which to commit such crime without physical force. See Gonzales v. Duenas–Alvarez, 549 U.S. 183, 193 (2007). Nor has Lomax proffered one. Therefore, Lomax's prior conviction under section 708.2A qualifies as a crime of violence, and the district court properly applied the career-offender enhancement to increase Lomax's offense level. See U.S.S.G. § 4B1.1(a)–(b).

B.

Gaines also appeals, claiming that the sentencing court procedurally erred and imposed a substantively unreasonable sentence. In reviewing Gaines's claims, we "must first ensure that the district court committed no significant procedural error . . . . Assuming that the district court's sentence is procedurally sound, [we] . . . then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007).

Gaines first argues that the sentencing court "erred by considering a twenty-level career offender enhancement under U.S.S.G. § 4B1.1(b)(3) as the beginning point for fashioning [Gaines]'s sentence." His argument, it appears, is that the court committed procedural error by applying the enhancement—though he does not dispute that he qualified for the enhancement—and by considering the resulting Guidelines range when imposing a sentence. But this argument is meritless. The sentencing court in fact *must* calculate the Guidelines range and apply applicable enhancements. See Gall, 552 U.S. at 51. The court then must consider this range in fashioning the appropriate sentence.

Gaines next contends that the court did not adequately explain the sentence it would have imposed had his career-offender enhancement not applied. A sentencing court procedurally errs by "failing to adequately explain the chosen sentence." Id.

But the district court's responsibility is to explain the imposed sentence in light of the *applicable* Guidelines range and the relevant 18 U.S.C. § 3553(a) factors. The court need not explain the imposed sentence based on a hypothetical Guidelines range that might have applied had certain enhancements not applied.

Finally, Gaines challenges his sentence as substantively unreasonable. As noted above, we review this argument under the "deferential abuse-of-discretion standard." Gall, 552 U.S. at 41. "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation omitted). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." Id. at 464 (citation omitted).

We conclude that Gaines's 120-month sentence was not substantively unreasonable. In imposing this sentence, the sentencing court agreed with Gaines that a career-offender enhancement to his offense level overstated the seriousness of his behavior. The court therefore varied downward from Gaines's Guideline range of 151–188 months and imposed a sentence of 120 months. The court affirmed that it had considered the § 3553(a) factors. The court also specifically discussed the seriousness of Gaines's offense, Gaines's criminal history, the need for adequate deterrence, and the need to avoid unwarranted sentencing disparities. For these reasons, Gaines's sentence was not substantively unreasonable. See id. at 461.

III.

Based on the above reasons, the judgments of the district court are affirmed.

_____