# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3317

_____

United States of America

*Plaintiff - Appellee*

v.

Bradd Alan Quigley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: September 23, 2019
Filed: November 15, 2019

_____

Before GRUENDER, ARNOLD, and GRASZ, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Bradd Quigley pleaded guilty to conspiracy to distribute 500 grams or more of a mixture and substance containing methamphetamine and 50 grams or more of actual methamphetamine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i).  The presentence investigation report recommended classifying Quigley as a career offender under U.S.S.G. § 4B1.1 for two prior felony

convictions, one a crime of violence and one a controlled substance offense. Quigley challenged this classification, arguing that his Iowa assault with intent to inflict serious injury conviction did not qualify as a crime of violence under the career-offender enhancement. The district court[1] rejected this argument and concluded Quigley qualified as a career offender. It then determined that Quigley's criminal history was a Category VI, with an advisory sentencing guidelines range of 262 to 327 months, plus a mandatory 60-month consecutive sentence for his firearms offense. The district court varied downward to 180 months on the conspiracy count and imposed a 240-month sentence. Quigley appeals, challenging only the district court's conclusion that his Iowa conviction for assault with intent to inflict serious injury qualified as a crime of violence under the career-offender enhancement. We affirm.

"We review classification as a career offender de novo." *United States v. Boose*, 739 F.3d 1185, 1186 (8th Cir. 2014). A conviction qualifies as a "crime of violence" for purposes of the career-offender enhancement if it is an "offense under federal or state law, punishable by imprisonment for a term exceeding one year," that either (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," (the "force clause") or (2) is "aggravated assault," among other enumerated offenses (the "enumerated-offenses clause"). U.S.S.G. §§ 4B1.1(a), 4B1.2(a).

In Iowa, assault with intent to inflict serious injury is an aggravated misdemeanor punishable by up to two years in prison. Iowa Code §§ 708.2(1), 903.1(2). We have previously held that section 708.2(1) is categorically a crime of violence under the enumerated-offenses clause. *United States v. Chapman*, 720 F. App'x 794, 795-96 (8th Cir. 2018) (*per curiam*). Quigley suggests we erred in *Chapman*, but, whether or not we follow *Chapman*—an unpublished and thus nonprecedential opinion, *see* 8th Cir. R. 32.1A—Quigley cannot succeed because

---

[1] The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

his Iowa conviction for assault with intent to inflict serious injury qualifies as a crime of violence under the force clause.

The "first step" in our analysis "is to determine whether to apply the categorical or modified categorical approach." *United States v. Ossana*, 638 F.3d 895, 899 (8th Cir. 2011). If the statute underlying the predicate conviction "creates a single crime by listing a single set of elements," it is indivisible, and we follow the categorical approach, looking to the elements of the offense "rather than the defendant's actual conduct" to determine if it has a physical-force element. *United States v. Schneider*, 905 F.3d 1088, 1090 (8th Cir. 2018). But if the statute creates multiple crimes with distinct elements listed together, it is "divisible," and we follow the modified categorical approach. *Id.* at 1090-91. Sometimes, a statute may seem divisible because it lists alternatives, but in fact it is indivisible because those alternatives "are not alternative elements, going toward the creation of separate crimes" but are simply "alternative ways" or "means" of "satisfying a single . . . element." *Mathis v. United States*, 579 U.S. ---, 136 S. Ct. 2243, 2250 (2016).

Iowa's offense of assault with intent to inflict serious injury requires commission of an "assault" as defined in Iowa Code section 708.1 with the intent to inflict a "serious injury" as defined in Iowa Code section 702.18 on another. Iowa Code § 708.2(1); *see State v. Edwards*, 801 N.W.2d 378, 2011 WL 1878600, at *1 (Iowa Ct. App. May 11, 2011) (unpublished) (recounting jury instructions that defined "serious injury" in section 708.2(1) by referring to the definition in section 702.18(1)); *cf. State v. White*, 668 N.W.2d 850, 859 (Iowa 2003) (looking to section 702.18 for the definition of "serious injury" as used in an Iowa criminal statute similar to section 708.2(1)). On its face, section 708.2(1) appears indivisible.

The "assault" and "serious injury" elements, however, refer to other statutes that list different types of "assault" and "serious injury." *See* Iowa Code §§ 708.1(2), 702.18(1). The parties agree that the statute is divisible based on the incorporation of these other sections into section 708.2(1), though they disagree about the proper analysis under the modified categorical approach. We nevertheless conclude that

the statute is indivisible. The alternatives listed in sections 708.1(2) and 702.18(1) are merely different means of satisfying the "assault" and "serious injury" elements, respectively, of the singular "assault with intent to inflict serious injury" crime. *See, e.g.*, *Bacon v. Bacon*, 567 N.W.2d 414, 417-18 (Iowa 1997) (noting that section 708.1 lists "alternatives" that can satisfy the "assault" element of another Iowa crime); *State v. McKee*, 312 N.W.2d 907, 912 (Iowa 1981) (recognizing the different "possible kinds of serious injury . . . included in the section 702.18 definition"); Iowa Code § 702.18(1) (stating that a "serious injury" is "any" of the alternatives listed in the statute). Because section 708.2(1) merely allows for multiple factual means to satisfy particular elements, it remains indivisible, so we apply the categorical approach. *See Mathis*, 136 S. Ct. at 2249, 2253.

Under the categorical approach, we restrict our inquiry to "the abstract requirements for a conviction, rather than the defendant's actual conduct," and ask whether a conviction necessarily had "a physical-force element" for the offense to qualify as a crime of violence under the force clause. *Schneider*, 905 F.3d at 1090. "Physical force" is "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). If "only conduct involving physical force" can support a conviction under the statute, then the crime "has a physical-force element." *Schneider*, 905 F.3d at 1090. Conversely, if the crime can be committed without even the threatened use of physical force, it does not have a physical-force element. *See id.*

Mere speculation that section 708.2(1) could be applied to conduct not involving physical force does not take the offense outside the scope of the force clause; rather, there must be a "non-fanciful, non-theoretical manner" to commit assault with intent to inflict serious injury without so much as the threatened use of physical force. *United States v. Gaines*, 895 F.3d 1028, 1033 (8th Cir. 2018). To make this showing, a defendant "must at least point to his own case or other cases in which the state courts in fact did apply the statute" in a way that takes it beyond the scope of the force clause. *Fletcher v. United States*, 858 F.3d 501, 507 (8th Cir. 2017).

Quigley does not identify any Iowa cases where an individual was convicted under section 708.2(1) without having at least threatened to use physical force. And our own survey of cases reveals that this is not a "realistic probability." *See id.*

For example, in *State v. Ortiz*, the Iowa Supreme Court concluded that the evidence could not support a finding of "intent to inflict serious injury" under section 708.2(1) where, although the defendant "displayed a knife," he "never turned to confront" the victim, "did not lunge toward her or approach her with the knife," and "never made any stabbing or slashing gestures at her." 905 N.W.2d 174, 182-83 (Iowa 2017). The component missing that was needed to satisfy the elements of section 708.2(1) was the use or threatened use of physical force.

Consider also *Gaines*, in which the defendant argued that his conviction under Iowa Code section 708.2A(2)(c) for domestic abuse "assault" as defined in section 708.1 "with the intent to inflict a serious injury upon another" did not qualify as a "crime of violence" for purposes of the career-offender enhancement. 895 F.3d at 1031. We concluded that "[b]y pleading guilty" to this offense, the defendant "affirmed that he committed an assault . . . with the intent to inflict a serious injury," which "qualified as the use, attempted use, or threatened use, of physical force" as required under the force clause of the career-offender enhancement. *Id.* at 1033.

As in *Gaines*, so too here. Quigley's commission of assault with intent to inflict serious injury necessarily involved the use, attempted use, or threatened use of physical force. And "we can think of no non-fanciful, non-theoretical manner in which to commit such crime" without at least threatening use of physical force. *See id.*

Thus, Quigley's assault conviction qualifies as a crime of violence under the force clause of the career-offender enhancement. We affirm.

_____