# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3720
_____

United States of America,

*Plaintiff   Appellee,*

v.

Robert Ralph Thiel,

*Defendant   Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: November 11, 2019
Filed: April 23, 2020
[Unpublished]

_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Robert Thiel pleaded guilty to possession with intent to distribute methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). At sentencing, the

district court[1] determined that he was a career offender under USSG § 4B1.1(a) based on two prior felony convictions for a crime of violence. The two predicate convictions were for assault with intent to inflict serious injury, in violation of Iowa Code §§ 708.1 and 708.2(1), and willful injury causing serious injury, in violation of Iowa Code § 708.4(1). The court determined an advisory sentencing guideline range of 262-327 months and then varied downward from the range to impose a term of 180 months' imprisonment.

On appeal, Thiel argues that the district court erred in classifying him as a career offender, because his conviction for assault with intent to inflict serious injury does not qualify as a crime of violence. An offense qualifies if it is "punishable by imprisonment for a term exceeding one year" and either (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," or (2) is one of several enumerated offenses, including "aggravated assault." USSG § 4B1.2(a). Thiel contends that his Iowa assault conviction does not count under either alternative because there are nonviolent means by which an offender can commit the offense.

This court ruled in a non-precedential decision that the Iowa statute defined a crime of violence under the enumerated offenses clause, because "there is only a mere 'theoretical possibility,' rather than a 'realistic possibility,' that Iowa would apply its aggravated assault statute, § 708.2(1), to criminalize assault with intent to inflict a disabling mental illness alone." *United States v. Chapman*, 720 F. App'x 794, 796 (8th Cir. 2018) (per curiam). Thiel argues that *Chapman* was wrongly decided because it misunderstood Iowa law. As to the "force" clause, he posits that a disabling mental illness constitutes a "serious injury" under Iowa law, *see* Iowa Code

---

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

§ 702.18(1)(a), and suggests that an offender could intend to inflict a disabling mental illness without the use, attempted use, or threatened use of physical force.

Thiel's contention is foreclosed by *United States v. Quigley*, 943 F.3d 390 (8th Cir. 2019). *Quigley* concluded that it was unnecessary to decide whether *Chapman* was correct in classifying the Iowa offense as an "aggravated assault" under the guidelines, because a violation of § 708.2(1) categorically qualifies as a crime of violence under the "force" clause. 943 F.3d at 393. The court surveyed Iowa law and found no realistic probability that an offender could be convicted under § 708.2(1) without having at least threatened to use physical force. *Id.* at 394. Because there was no "non-fanciful, non-theoretical manner" in which to commit the offense without at least threatening use of physical force, *Quigley* held that a violation of § 708.2(1) is a crime of violence. *Id.* at 395. Accordingly, the district court correctly applied the sentencing guidelines in Thiel's case, and there was no procedural error.

The judgment of the district court is affirmed.

_____