# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-2076

_____

United States of America

*Plaintiff   Appellee*

v.

Vincent Mitchell Ballard

*Defendant   Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: April 28, 2020
Filed: May 6, 2020
[Unpublished]

_____

Before BENTON, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Vincent Mitchell Ballard appeals the sentence the district court[1] imposed after he pled guilty to a drug offense. Having jurisdiction under 28 U.S.C. § 2891, this court affirms.

------

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

In calculating the appropriate sentencing range under the Guidelines, the district court classified Ballard as a career offender based in part on a 2013 Iowa conviction for assault on a peace officer, Iowa Code § 708.3A(3). Ballard's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), challenging the sentence as an abuse of discretion and substantively unreasonable. This court ordered supplemental briefing addressing whether the Iowa assault conviction qualified as a career offender predicate.

Because Ballard did not challenge the career offender designation in the district court, review is for plain error. *See United States v. Winston*, 850 F.3d 377, 380 (8th Cir. 2017) (to demonstrate plain error defendant must show (1) error, (2) that is clear or obvious under current law, (3) which affected his substantial rights, and (4) seriously affects fairness, integrity, or public reputation of judicial proceedings). This court concludes that any error in qualifying Ballard's section 708.3A(3) conviction as a career offender predicate was neither clear or obvious under current law, and did not affect his substantial rights. *See United States v. Quigley*, 943 F.3d 390, 393-94 (8th Cir. 2019); *Golinveaux v. United States*, 915 F.3d 564, 572 (8th Cir. 2019) (Colloton, J., concurring in the judgment); *United States v. Gaines*, 895 F.3d 1028, 1032-33 (8th Cir. 2018).

The district court did not abuse its discretion in imposing the within-Guidelines sentence. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factor). The court has independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and found no other nonfrivolous issues for appeal.

The judgment is affirmed.

_____