# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-2862

_____

United States of America,

*Plaintiff - Appellee,*

v.

Michael Christian Tinlin,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: September 21, 2021
Filed: December 15, 2021

_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Michael Tinlin pleaded guilty to conspiracy to distribute 500 grams or more of methamphetamine, *see* 21 U.S.C. § 846, and to possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c). In determining an advisory

sentencing range under the sentencing guidelines, the district court[1] concluded that Tinlin qualified as a career offender based on two prior convictions for a crime of violence. *See* USSG § 4B1.1(a). The court thus determined an advisory range of 322 to 387 months' imprisonment and then varied downward from the range to impose a sentence of 300 months. Tinlin argues that the court miscalculated the advisory guideline range because one of his prior convictions does not qualify as a crime of violence, and that he should not have been treated as a career offender. We conclude that there was no error, and therefore affirm.

The dispute concerns the offense of domestic abuse assault, in violation of Iowa Code §§ 708.1(1) and 708.2A(2)(c). Under the so-called "force clause" of the career-offender guideline, a conviction qualifies as a "crime of violence" if it is an "offense under federal or state law, punishable by imprisonment for a term exceeding one year," that "has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG §§ 4B1.1(a), 4B1.2(a). The Iowa offense is punishable by more than a year in prison, and the elements require proof that an offender (1) committed an assault against a person with an enumerated domestic relationship to the offender, Iowa Code § 708.2A(1), and (2) did so with intent to inflict serious injury upon another, or used or displayed a dangerous weapon in connection with the assault. *Id*. § 708.2A(2)(c). The alternatives specified in the second element appear to be different means of committing a single offense. *State v. Michael*, Nos. 0-602, 99-1578, 2000 WL 1675715, at *2 (Iowa Ct. App. Nov. 8, 2000). Tinlin does not dispute that the Iowa offense would qualify as a crime of violence if the offender displayed a dangerous weapon in connection with the assault, *see United States v. McGee*, 890 F.3d 730, 735-37 (8th Cir. 2018), but he argues that domestic abuse assault with intent to inflict serious injury does not necessarily require

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

the use, attempted use, or threatened use of physical force against the person of another.

The logic of our circuit precedent dictates that Iowa domestic abuse assault with intent to inflict serious injury is a crime of violence. In *United States v. Quigley*, 943 F.3d 390 (8th Cir. 2019), this court held that the Iowa offense of assault with intent to inflict serious injury under Iowa Code § 708.2(1) is a crime of violence under the force clause of the guideline. The offense at issue in *Quigley* required proof that the offender committed an assault, as defined in Iowa Code § 708.1, with the intent to inflict on another person a serious injury, as defined in Iowa Code § 702.18. We concluded that there is no realistic probability that an offender could be convicted of that offense, including the element of intent to inflict serious injury, without at least threatening to use physical force against another. 943 F.3d at 395.

Tinlin's offense, domestic abuse assault with intent to inflict serious injury, likewise required an assault committed with intent to inflict serious injury. Iowa Code § 708.2A(1), (2)(c); R. Doc. 41-1, 41-2. The "domestic abuse" element of the offense requires proof that the victim had an enumerated domestic relationship to the offender, *see* Iowa Code § 236.2(2)(a)-(d), but it does not change the elements of assault or intent to inflict serious injury. Given the conclusion in *Quigley* that an assault with intent to inflict serious injury against *any* person necessarily requires at least a threatened use of physical force, it follows that the same assault offense committed against a person with a domestic relationship likewise requires at least a threatened use of physical force. Accordingly, we conclude that Tinlin's offense is a crime of violence under the force clause, and the district court made no procedural error in calculating Tinlin's guideline range.

The judgment of the district court is affirmed.

_____