# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2369

_____

United States of America

*Plaintiff - Appellee*

v.

Levi Hamilton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Western

_____

Submitted: June 14, 2022
Filed: August 30, 2022

_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Levi Hamilton pleaded guilty to conspiracy to distribute methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), 846, and possession with intent to distribute methamphetamine, *see* § 841(a)(1). He appeals the district court's[1] application of

_____

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

the career-offender sentencing enhancement, *see* U.S.S.G. § 4B1.1, and the substantive reasonableness of his sentence. We affirm.

## I.

Hamilton was indicted for conspiracy to distribute methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), 846, and possession with intent to distribute methamphetamine, *see* § 841(a)(1). He pleaded guilty to both counts. The presentence investigation report recommended applying the career-offender sentencing enhancement, *see* U.S.S.G. § 4B1.1, based on Hamilton's two prior Iowa convictions: terrorism and assault on a police officer. Hamilton objected to the classification of his conviction for assault on a police officer as a crime of violence under U.S.S.G. § 4B1.2. He also moved for a downward variance or departure. *See* § 4B1.1, cmt. n.4.

At sentencing, the district court applied the career-offender sentencing enhancement under § 4B1.1. The district court calculated an advisory sentencing guidelines range of 262 to 327 months and sentenced Hamilton to 262 months' imprisonment. Hamilton appeals the application of the career-offender enhancement and the substantive reasonableness of his sentence.

## II.

First, we review the district court's application of the career-offender sentencing enhancement. Under § 4B1.1, a defendant is considered a career offender and subject to an enhanced offense level if, among other things, "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." We review *de novo* whether a predicate offense qualifies as a crime of violence as defined in § 4B1.2. *United States v. Hollis*, 447 F.3d 1053, 1054 (8th Cir. 2006).

"Under the so-called 'force clause' of the career-offender guideline, a conviction qualifies as a 'crime of violence' if it is an 'offense under federal or state

law, punishable by imprisonment for a term exceeding one year,' that 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'" *United States v. Tinlin*, 20 F.4th 426, 427 (8th Cir. 2021), *petition for cert. filed*, --- U.S.L.W. --- (U.S. June 21, 2022) (21-8191) (quoting §§ 4B1.1(a) and 4B1.2(a)). "If a statute contains alternatives, some of which do not have a force element, then we must determine whether the statute is divisible into alternative elements—separate crimes—or instead sets forth alternative factual means to commit a single offense." *United States v. Fisher*, 25 F.4th 1080, 1083 (8th Cir. 2022) (citing *Mathis v. United States*, 579 U.S. 500, 505-06 (2016)). "When making the means-or-elements determination, we may consider authoritative state court decisions." *Id.* at 1084.

"If the statute underlying the predicate conviction creates a single crime by listing a single set of elements, it is indivisible, and we follow the categorical approach, looking to the elements of the offense rather than the defendant's actual conduct to determine if it has a physical-force element." *United States v. Quigley*, 943 F.3d 390, 393 (8th Cir. 2019) (internal quotation marks omitted). For an offense to lack a physical-force element under the categorical approach, "there must be a non-fanciful, non-theoretical manner to commit [the offense] without so much as the threatened use of physical force." *Id.* at 394 (internal quotation marks omitted).

At sentencing, the Government agreed with Hamilton that assault on a police officer under Iowa Code section 708.3A(3) is indivisible. Now, Hamilton and the Government agree that section 708.3A(3) is divisible. Nevertheless, we conclude that the statute is indivisible. *See id.* (acknowledging the parties' agreement that the statute is divisible but concluding that it is indivisible).

Section 708.3A(3) provides that

[a] person who commits an assault, as defined in section 708.1, against a peace officer . . . who knows that the person against whom the assault is committed is a peace officer . . . , and who causes bodily injury or mental illness, is guilty of an aggravated misdemeanor.

In turn, the assault statute, section 708.1(2), states that

> [a] person commits an assault when, without justification, the person does any of the following:
>
> > a. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.
> >
> > b. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.
> >
> > c. Intentionally points any firearm toward another, or displays in a threatening manner any dangerous weapon toward another.

Section 708.3A(3) lists alternatives, some of which do not have a force element. To violate section 708.3A(3), a person must commit assault and cause bodily injury or mental illness, meaning that the provision contains two sets of alternatives: the three assault alternatives and the alternatives of causing bodily injury or causing mental illness. *See* § 708.3A(3). Assault as defined in section 708.1 can be committed without physical force by committing "any act which is intended to . . . result in physical contact which will be insulting or offensive to another." *Cf. United States v. Ossana*, 638 F.3d 895, 900 (8th Cir. 2011) (holding that committing assault under Arizona law does not require the use of physical force because it can be committed "with any degree of contact by [k]nowingly touching another person with the intent to . . . insult or provoke such person" (internal quotation marks omitted)). Additionally, causing "mental illness" does not necessarily involve physical force. Therefore, we must determine whether section 708.3A(3) is divisible into alternative crimes or means. *See Mathis*, 579 U.S. at 505-06. To do so, we must determine whether the assault alternatives are separate crimes or means and whether the alternatives of causing bodily injury or causing mental illness are separate crimes or means. *See* § 708.3A(3). If either set of

alternatives lists separate crimes, then section 708.3A(3) is divisible; otherwise, it is indivisible. *See Quigley*, 943 F.3d at 393.

Even though section 708.1(2) lists three alternatives, that does not make section 708.3A(3) divisible. In *United States v. Quigley*, we addressed whether an Iowa statute was divisible where it required "assault, as defined in section 708.1, with the intent to inflict a serious injury upon another" and both assault and serious injury contained alternatives found in other statutes. 943 F.3d 390, 394 (8th Cir. 2019); *see* Iowa Code § 708.1(2) (assault); Iowa Code § 702.18(1) (serious injury). Although Iowa assault and serious injury contained alternatives, some of which lack a force element, we concluded that the "assault with intent to inflict serious injury" statute is indivisible: "[t]he alternatives listed in sections 708.1(2) and 702.18(1) are merely different means of satisfying the 'assault' and 'serious injury' elements, respectively, of the singular 'assault with intent to inflict serious injury' crime." *Quigley*, 943 F.3d at 394. So, here, the crime of assault against a peace officer, § 708.3A(3), is not divisible on the ground that assault has alternatives, some of which lack a force element. The assault alternatives in section 708.1(2) are merely different means of satisfying the assault element of section 708.3A(3).

Nor is section 708.3A(3) divisible on the ground that it can be committed by causing bodily injury or mental illness. The Iowa Supreme Court has stated that causing bodily injury and causing mental illness are alternatives that comprise a single element of the crime. It has explained that "[u]nder Iowa Code sections 708.1 and 708.3A(3), a defendant commits the crime of assault on a correctional officer, causing bodily injury when the defendant: (1) does an act 'which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive' to a correctional officer, (2) the defendant has 'the apparent ability to execute the act,' (3) the defendant knows the person he assaulted is a correctional officer, and (4) *the assault causes bodily injury or mental illness to the correctional officer*." *State v. Palmer*, 791 N.W.2d 840, 851 (Iowa 2010) (emphasis added) (citing §§ 708.1(1), .3A(3)). Therefore, section 708.3A(3) is indivisible

because the assault alternatives and the bodily injury and mental illness alternatives are alternative means of committing the offense of assault against a peace officer.

Because section 708.3A(3) is indivisible, we must apply the categorical approach. *See Quigley*, 943 F.3d at 393. "Under the categorical approach, we restrict our inquiry to the abstract requirements for a conviction, rather than the defendant's actual conduct, and ask whether a conviction necessarily had a physical-force element for the offense to qualify as a crime of violence under the force clause." *Id.* at 394 (internal quotation marks omitted). "Physical force" is "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). "If only conduct involving physical force can support a conviction under the statute, then the crime has a physical-force element." *Quigley*, 943 F.3d at 394 (internal quotation marks omitted). "Conversely, if the crime can be committed without even the threatened use of physical force, it does not have a physical-force element." *Id.* "Mere speculation that [the statute of conviction] could be applied to conduct not involving physical force does not take the offense outside the scope of the force clause; rather, there must be a non-fanciful, non-theoretical manner to commit [the offense] without so much as the threatened use of physical force." *Id.* (internal quotation marks omitted). To make this showing, a defendant "must at least point to his own case or other cases in which the state courts did in fact apply the statute in the special (nongeneric) manner for which he argues."[2] *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007); *see Quigley*, 943 F.3d at 394.

---

[2]In the immigration context, we recently held that a defendant need not identify examples where the statute was applied more broadly than the generic offense when the statute is unambiguously overbroad. *Gonzalez v. Wilkinson*, 990 F.3d 654, 660-61 (8th Cir. 2021). Hamilton has waived the argument that *Wilkinson* applies here. *See United States v. Cooper*, 990 F.3d 576, 583 (8th Cir. 2021) ("Ordinarily, a party's failure to make an argument in its opening brief results in waiver of that argument."). Even if the argument were not waived, and even assuming *Wilkinson* applies in the criminal context, it would not change our conclusion because section 708.3A(3) is not unambiguously overbroad. *See Wilkinson*, 990 F.3d at 658-59 (noting that the parties agreed that the state statute at

Hamilton does not identify any Iowa cases or his own case where section 708.3A(3) was applied in a way that did not involve at least the threatened use of physical force. He argues that the offense can be committed by "causing mental illness against the victim by placing him in fear through the use of insulting and offensive language." But this is merely a fanciful and theoretical manner of committing the offense that does not satisfy Hamilton's burden. *See Quigley*, 943 F.3d at 394.

Our decision in *Ossana* does not require us to conclude otherwise. *See* 638 F.3d at 900. There, applying the categorical approach, we held that an Arizona assault statute that can be violated "with any degree of contact by knowingly touching another person with the intent to . . . insult or provoke such person . . . does not qualify as the use of physical force because it is not violent force." *Id.* (internal quotation marks omitted). But Ossana's brief cited Arizona caselaw holding that assault can be committed without the use of violent force. Brief of Appellant-Defendant, *Ossana*, 638 F.3d 895 (No. 10-2205), 2010 WL 3388994, at *15-17 (8th Cir. Aug. 20, 2010); *see, e.g.*, *In re P.D.*, 166 P.3d 127, 130 (Ariz. Ct. App. 2007) (affirming an assault conviction "when Juvenile placed urinal water into S.B.'s cup and she subsequently drank from it"). Here, by contrast, Hamilton has not identified any case holding that section 708.3A(3) can be committed without at least the threatened use of physical force. Therefore, unlike Ossana, Hamilton has failed to show that there is a nonfanciful, nontheoretical way of violating 708.3A(3) without at least the threatened use of physical force.

In sum, section 708.3A(3) is indivisible, and Hamilton has not identified any case where the statute was applied in a way that did not involve at least the threatened use of physical force. Thus, Hamilton's conviction of assault on a peace officer qualifies as a crime of violence under § 4B1.2.

---

issue "covers conduct that the federal one does not"); *United States v. Hutchinson*, 27 F.4th 1323, 1329-30 (8th Cir. 2022) (Kelly, J., dissenting) (concluding that a state statute was unambiguously overbroad because it lacked the *mens rea* requirements of the generic offense).

**III.**

Next, we review the substantive reasonableness of Hamilton's sentence. Hamilton argues that his sentence of 262 months' imprisonment is unreasonable because the district court gave too much weight to his criminal history and not enough weight to mitigating factors such as his difficult upbringing.

We review "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). The sentence must be "sufficient, but not greater than necessary" to satisfy the purposes in 18 U.S.C. § 3553(a)(2). § 3553(a). The district court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), "the need for the sentence imposed . . . to reflect the seriousness of the offense," § 3553(a)(2)(A), "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct," § 3553(a)(2)(B), the guidelines sentencing range, § 3553(a)(4), and "any pertinent policy statement," § 3553(a)(5). A district court has "wide latitude" in weighing the § 3553(a) sentencing factors. *United States v. Nguyen*, 829 F.3d 907, 925-26 (8th Cir. 2016). "Sentences within the guidelines range are presumed to be substantively reasonable." *United States v. Meadows*, 866 F.3d 913, 920 (8th Cir. 2017).

Hamilton's sentence is not substantively unreasonable. The advisory guidelines range was 262 to 327 months' imprisonment, and Hamilton was sentenced to 262 months' imprisonment. Therefore, we presume that Hamilton's sentence is substantively reasonable. *See id.* at 920. Further, the district court considered the § 3553 factors, including the nature and circumstances of the offense; Hamilton's history and characteristics, particularly his extensive criminal history, challenging upbringing, mental health concerns, and substance-abuse issues; the need to protect the public from further crimes; the seriousness of the offense; and the respect for the law. After considering the relevant facts, the district court explained that "the way to account for the mitigating factors and the variance and departure requests here is to go to the low end of the range." It concluded that 262

-8-

months' imprisonment was sufficient. Though Hamilton disagrees with how the district court weighed the factors, it did not abuse its discretion. *See United States v. Noriega*, 35 F.4th 643, 652 (8th Cir. 2022) ("[R]eversal is not appropriate simply because the district court did not weigh the § 3553(a) factors as [the defendant] preferred.").

## IV.

For the foregoing reasons, we affirm Hamilton's sentence.

_____