# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-1429
_____

United States of America,

*Plaintiff - Appellee*,

v.

Linder Kai Divos, also known as Lindo,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: August 23, 2023
Filed: August 31, 2023
[Unpublished]
_____

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.
_____

PER CURIAM.

Linder Divos appeals after he pleaded guilty to drug and firearm offenses, and the district court[1] imposed a sentence below the advisory sentencing guideline range.

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

His counsel has moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967). The brief challenges the determination that Divos's prior state drug and assault convictions qualified as predicate offenses under the career-offender guidelines, and argues that the sentence is substantively unreasonable.

After careful de novo review, we conclude that Divos's challenges to the career-offender enhancement are foreclosed by this court's precedent. This court has held that an assault conviction under Iowa Code § 708.2(1) constitutes a crime of violence for career-offender purposes, *see United States v. Quigley*, 943 F.3d 390, 395 (8th Cir. 2019); and we conclude that the Illinois drug conviction qualifies as a controlled substance offense, *see United States v. Henderson*, 11 F.4th 713, 718-19 (8th Cir. 2021), *cert. denied*, 142 S. Ct. 1696 (2022). We further conclude that Divos's sentence was not unreasonable, as there is no indication that the court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing the relevant factors. *See United States v. Feemster*, 572 F.3d 455, 461-62, 461-62, 464 (8th Cir. 2009) (en banc); *United States v. Stults*, 575 F.3d 834, 849 (8th Cir. 2009).

We have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and affirm.

_____