# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1048
_____

United States of America

*Plaintiff - Appellant*

v.

Jermaine Steven Daye, also known as Pickles, also known as Pickle

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: September 21, 2023
Filed: January 16, 2024
_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.
_____

GRUENDER, Circuit Judge.

The Government appeals the district court's[1] sentence of eighty-four months' imprisonment for Jermaine Steven Daye. We affirm.

---

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

# I.

Daye pleaded guilty to arson, *see* 18 U.S.C. § 844(i), after lighting a fire in the hallway of an occupied apartment building. The presentence investigation report recommended classifying Daye as a career offender based on two convictions for Domestic Abuse Assault, Enhanced ("DAAE") under Iowa Code § 708.2A(3)(b). *See* U.S.S.G. § 4B1.1 (providing an enhanced sentence on a third conviction for a crime of violence). Daye objected to the career offender enhancement, arguing that the DAAE convictions were not "crimes of violence" within the meaning of the sentencing guidelines. The district court agreed that DAAE is indivisible and not categorically a crime of violence and thus found that Daye was not a career offender. The district court then sentenced Daye to 84 months' imprisonment, which was an upward variance from the resulting advisory sentencing guidelines range of 60 to 63 months. The Government appeals, arguing that Daye is a career offender.

# II.

A defendant is a career offender under the guidelines if, in relevant part, "(1) [he] was at least eighteen years old at the time [he] committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is . . . a crime of violence . . . and (3) the defendant has at least two prior felony convictions of . . . a crime of violence." U.S.S.G. § 4B1.1(a). There is no dispute that Daye was older than eighteen at the time he committed arson. Daye's instant offense of conviction, arson, is an enumerated "crime of violence" offense. *See* U.S.S.G. § 4B1.2(a)(2). DAAE is not an enumerated offense, but it is punishable by more than one year's imprisonment, Iowa Code §§ 903.1(2), 708.2A(3)(b),[2] and a crime of violence is "any offense under federal or state law, punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened

---

[2]Although DAAE is an "aggravated misdemeanor" rather than a felony, "a crime designated as an aggravated misdemeanor under Iowa law falls within the Guidelines definition of felony offense." *United States v. Boots*, 816 F.3d 971, 974 (8th Cir. 2016).

use of physical force against the person of another," U.S.S.G. § 4B1.2(a).  The question of whether Daye is a career offender thus turns on whether DAAE "has as an element the use, attempted use, or threatened use of physical force against the person of another."  *See id.*

"We review de novo a district court's determination that an offense qualifies as a crime of violence under the Guidelines."  *United States v. Fields*, 863 F.3d 1012, 1013 (8th Cir. 2017).  "The first step in our analysis is to determine whether to apply the categorical or modified categorical approach."  *United States v. Quigley*, 943 F.3d 390, 393 (8th Cir. 2019) (internal quotation marks omitted).  "If the statute underlying the predicate conviction creates a single crime by listing a single set of elements, it is indivisible, and we follow the categorical approach, looking to the elements of the offense rather than the defendant's actual conduct to determine if it has a physical-force element."  *Id.* (internal quotation marks omitted).  "But if the statute is divisible, setting forth multiple, alternative versions of the crime, and not all of the alternatives satisfy the generic definition, then we apply the modified categorical approach."  *United States v. McArthur*, 850 F.3d 925, 937-38 (8th Cir. 2017) (internal quotation marks omitted).  To "determine whether the statute is divisible," we ask whether it is divided "into alternative elements—separate crimes—or instead sets forth alternative factual means to commit a single offense."  *United States v. Fisher*, 25 F.4th 1080, 1083 (8th Cir. 2022).

A.

In its opening brief, the Government made a two-sentence argument, without citations, that DAAE is divisible.  We elect not to decide the matter, because we consider that argument waived.[3]  *See, e.g.*, *United States v. Thao*, 76 F.4th 773, 779

---

[3]The Government argues that Iowa Code § 708.2A(3)(b) is divisible into two clauses separated by the word "or," which are separate crimes "because they are tied to different underlying penalty provisions."  Appellant's Br. 13.  But *Mathis v. United States*, decided eight years ago, instructs us to make a "means-elements" determination that analyzes "the statute on its face," "authoritative sources of state

(8th Cir. 2023) ("Because these arguments weren't meaningfully developed, we can consider them waived."); *Meyers v. Starke,* 420 F.3d 738, 743 (8th Cir. 2005) ("To be reviewable, an issue must be presented in the brief with some specificity. Failure to do so can result in waiver."); *Molasky v. Principal Mut. Life Ins.*, 149 F.3d 881, 885 (8th Cir. 1998) ("[I]t is not this court's job to research the law to support an appellant's argument." (quoting *Lusby v. Union Pac. R.R.*, 4 F.3d 639, 642 (8th Cir. 1993))); *see also Nat'l Aeronautics & Space Admin. v. Nelson*, 562 U.S. 134, 148 n.10 (2011) ("The premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research. . . . It is undesirable for us to decide a matter of this importance in a case in which we do not have the benefit of briefing by the parties."). We therefore apply the categorical approach to DAAE.

B.

"Under the categorical approach, we restrict our inquiry to the abstract requirements for a conviction, rather than the defendant's actual conduct, and ask whether a conviction necessarily had a physical-force element for the offense to qualify as a crime of violence under the force clause." *Quigley*, 943 F.3d at 394 (internal quotation marks omitted). "[I]f the crime can be committed without even the threatened use of physical force, it does not have a physical force element." *Id.* Physical force means "violent force—that is, force capable of causing physical pain or injury to another person." *United States v. Parrow*, 844 F.3d 801, 802 (8th Cir. 2016). "For an offense to lack a physical-force element under the categorical approach, there must be a non-fanciful, non-theoretical manner to commit the offense without so much as the threatened use of physical force." *United States v. Hamilton*, 46 F.4th 864, 868 (8th Cir. 2022) (internal quotation marks omitted).

---

law" including "state court decision[s]," and if those are unclear, "indictment[s] and correlative jury instructions" to see "what the prosecutor has to . . . demonstrate to prevail." 579 U.S. 500, 517-19 (2016). The Government failed to make a sufficient argument on this complex issue.

Under Iowa law, DAAE "is an enhanced assault statute that imposes increased penalties for conduct that violates Iowa's simple assault statute and which is committed against someone within a domestic relationship." *Kelly v. United States*, 819 F.3d 1044, 1048 (8th Cir. 2016); *see also* Iowa Code § 708.1 (defining "assault"); Iowa Code § 236.2(2)(a)-(e) (defining "domestic abuse"). On a second domestic abuse assault offense, a person commits DAAE if:

> the first offense was classified as a simple or aggravated misdemeanor, and the second offense would otherwise be classified as a serious misdemeanor, or the first offense was classified as a serious or aggravated misdemeanor, and the second offense would otherwise be classified as a simple or serious misdemeanor.

§ 708.2A(3)(b). "Simple," "serious," and "aggravated" refer to various types of domestic abuse assault, covering conduct ranging from simple assault to assault by strangulation. Iowa Code § 708.2A(2)(a)-(d), (3)(a). In other words, DAAE elevates a domestic abuse assault that would otherwise be a simple or serious misdemeanor to an aggravated misdemeanor if the defendant has a prior conviction for one of several enumerated types of domestic abuse assault.

At oral argument, the Government conceded that a defendant can be found guilty of DAAE by committing three simple misdemeanor domestic abuse assaults. The Government further conceded in its opening brief, and we agree, that simple misdemeanor domestic abuse assault is not a crime of violence. *See* Appellant's Br. 13; *Smith v. Janssen*, 899 N.W.2d 741, 2017 WL 1086206, at *2 (Iowa Ct. App. 2017) (unpublished table decision) (holding that touching or poking someone when he has stated that he did not want to be touched constitutes domestic abuse assault); *see also State v. Johnson*, 291 N.W.2d 6, 9 (Iowa 1980) ("For assault, it is sufficient if the defendant intends to offensively touch someone."); *State v. Spears*, 312 N.W.2d 79, 80-81 (Iowa Ct. App. 1981) (reaching into someone's pocket without permission constitutes an assault). The statute works as follows: a defendant who commits two simple misdemeanor domestic abuse assaults will see the second assault elevated to a "serious" misdemeanor. § 708.2A(3)(a). Should that defendant

then commit a third simple misdemeanor domestic abuse assault, that third assault can be charged as DAAE. § 708.2A(3)(b). Although DAAE ostensibly covers only "second" offenses, defendants can be convicted of DAAE on third and subsequent convictions for simple misdemeanor domestic abuse assault. *See, e.g.*, *State v. Doty*, 858 N.W.2d 37, 2014 WL 5249761, at \*1 (Iowa Ct. App. 2014) (unpublished table decision) (affirming DAAE conviction on third domestic abuse assault).

This is a "non-fanciful, non-theoretical manner" by which a person can be convicted of DAAE "without so much as the threatened use of physical force." *Hamilton*, 46 F.4th at 868. And although Daye does not cite a case in which DAAE has been applied on a third simple misdemeanor domestic abuse assault, we have already held that "when the statute's reach is clear on its face," no case citation is required because "it takes no 'legal imagination' or 'improbable hypotheticals' to understand how [the statute] may be applied and to determine whether it covers conduct an analogous federal statute does not." *Gonzalez v. Wilkinson*, 990 F.3d 654, 660 (8th Cir. 2021). To hold otherwise would be "to conclude that 'realistic probability' means that petitioners must prove through specific convictions that unambiguous laws really mean what they say," an approach which would be "at odds with the categorical approach itself." *Id.*

## III.

For the foregoing reasons, we affirm.

_____