STATE of Iowa, Appellee,

v.

Gary Lynn BOYER, Appellant.

No. 69200.

Supreme Court of Iowa.

Jan. 18, 1984.

**498**

Marc R. Engelmann, Eldridge, for appellant.

Thomas J. Miller, Atty. Gen., Joseph P. Weeg, Asst. Atty. Gen., William Davis, County Atty., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McCORMICK and WOLLE, JJ.

McCORMICK, Justice.

We granted further review of a court of appeals decision to determine whether a person can be convicted of conspiracy when the only other alleged conspirator did not intend to commit the same crime. The court of appeals reversed the conspiracy conviction of defendant Gary Lynn Boyer on the ground the trial court failed to instruct the jury on the necessity that the State prove the conspirators intended to commit the same criminal act. We affirm the decision of the court of appeals.

The crime of conspiracy is defined in Iowa Code section 706.1 (1983):

> Conspiracy is an agreement or combination between two or more persons to engage in a course of conduct which will consist, in whole or in part, of criminal acts to be committed by one or more of the conspirators. A person shall not be convicted of a conspiracy without proof of an overt act by one or more of the conspirators evidencing a design to accomplish the purpose of the conspiracy by criminal means.

In the present case the State charged that defendant and Christina Parks conspired to sell one-half pound of marijuana for $225.

Defendant's theory of defense was that Christina Parks did not intend to sell marijuana on the occasion involved. He asserted that she feigned agreement to sell it but actually intended merely to misappropriate the purchaser's money. Throughout the trial defendant urged that he could not be convicted of conspiracy based on his unilateral intent to sell marijuana. He raised the issue in moving for directed verdict, in objecting to the trial court's instructions, and in asking for a new trial. The State concedes the allegations of the trial information obliged it to prove defendant and Parks had a common intent to sell marijuana, but it argues that substantial evidence supports the verdict and that the jury was correctly instructed on the issue. The court of appeals agreed on the sufficiency of evidence but reversed for alleged instructional error.

Before addressing the legal issues, we summarize the evidence. Parks was a friend of defendant's wife from whom defendant had previously purchased marijuana. An undercover officer named Scott told defendant he wished to purchase one-half pound of marijuana. Defendant agreed to assist him, and his wife called Parks to see if she could get the marijuana to sell to Scott. Parks said she could, and defendant drove Scott to Parks' home so the purchase could be carried out. Scott and Parks negotiated a price of $225. Parks told Scott she would have to show the money to the individual that would be bringing the marijuana. Subsequently someone knocked on the door and Parks went to the door with the money, stepped outside for a short time, and then returned with a report that the marijuana would be delivered in approximately 15 minutes. Parks left the residence four or five times purportedly to make telephone calls concerning the marijuana, but when it had not arrived after more than an hour Scott and defendant left the premises. Defendant and Parks were later arrested for conspiracy to sell marijuana based on this incident.

Parks insisted she intended to steal Scott's money and never intended to obtain marijuana for him. She pled guilty to a charge of third-degree theft under Code section 714.2(3) and testified to her version of the transaction as a State witness at defendant's trial.

For purposes of review we will disregard the State's concession that the allegations of the trial information limited it to proving conspiracy based on mutual intent of defendant and Parks to sell the marijuana. We will address the more fundamental question whether the crime of conspiracy requires that the parties agree to commit the same criminal act. This court has not directly answered that question previously although it has recognized the necessity of concurrence of at least two persons in the commission of the offense. Thus an acquittal of all but one alleged conspirator removes the basis for the charge. *State v. Keul,* 233 Iowa 852, 862–63, 5 N.W.2d 849, 855 (1942). The court has also recognized that civil conspiracy requires "mutual mental action coupled with an intent to commit the act which results in injury." *Basic Chemicals, Inc. v. Benson,* 251 N.W.2d 220, 233 (Iowa 1977).

Authorities uniformly hold that mutuality of intent is essential for proof of criminal conspiracy unless the governing statute makes proof of unilateral intent sufficient. The general law has been stated as follows:

> Conspiracy to commit a crime is a different offense from the crime that is the object of the conspiracy. One necessarily involves joint action; the other does not. By its nature, conspiracy is a joint or group offense requiring a concert of free wills, and the union of the minds of at least two persons is a prerequisite to the commission of the offense. The essence of conspiracy is, therefore, a mental confederation involving at least two persons; the crime is indivisible in the sense that it requires more than one guilty person; and where the joint intent does not exist, the basis of the charge of conspiracy is necessarily swept away. [citation]. In short, the guilt of both

persons must concur to constitute that of either. It is upon this premise that the authorities all agree that if two persons are charged as conspirators and one is an entrapper, or merely feigns acquiescence in the criminal intent, there is no punishable conspiracy because there was no agreement on the part of the one to engage in a criminal conspiracy. [citations].

*Regle v. State,* 9 Md.App. 346, 354–55, 264 A.2d 119, 124 (1970). *Accord, United States v. Gallishaw,* 428 F.2d 760, 763 (2nd Cir.1970); *Sears v. United States,* 343 F.2d 139, 142 (5th Cir.1965); *McCain v. State,* 390 So.2d 779, 780 (Fla.App.1980); M. Bassiouni, *Substantive Criminal Law* § 3.1.1, at 215–16 (1978); W. LaFave & A. Scott, Jr., *Handbook on Criminal Law* § 61, at 460–62 (1972); 4 C. Torcia, *Wharton's Criminal Law* § 726–27 (14th ed. 1981). The requisite intent is "at least the degree of criminal intent necessary for the substantive offense itself." *Ingram v. United States,* 360 U.S. 672, 678, 79 S.Ct. 1314, 1319, 3 L.Ed.2d 1503, 1508 (1959).

In contrast, the Model Penal Code suggests a definition of conspiracy that permits conviction based on only the accused party's intent so long as the accused believes another party to the alleged conspiracy has the same intent. *See* Model Penal Code § 5.03–5.04 (1962); W. LaFave & A. Scott, Jr., *supra,* § 61, at 462 n. 101 ("Model Penal Code § 5.03(1) is stated in terms of what is required to establish liability with respect to any given actor, in contrast to the traditional approach of requiring agreement between two or more persons.").

■ The Iowa statute places this jurisdiction with those taking the traditional approach rather than the modified approach of the Model Penal Code. Consequently we hold that section 706.1 requires that the conspirators actually agree at some point on the criminal act that serves as the object of the conspiracy. We do not hold that one conspirator may not intend something more; the intent need not be identical, but it must include the intent

**500**

necessary for the substantive offense. We now turn to the specific issues here.

■ I. *Sufficiency of the evidence.* We agree with the trial court and court of appeals which held the evidence sufficient for the jury to find defendant and Parks each intended to sell the marijuana. Under the whole record the jury could find Parks had previously sold marijuana, agreed with defendant to do so in this occasion, discussed future sales with Scott, assisted defendant after Scott's money was taken in attempting to locate the money and marijuana, and only subsequently altered her statement of intention in an effort to minimize her culpability. This evidence met the sufficiency standard in *State v. Schrier,* 300 N.W.2d 305, 309 (Iowa 1981). The jury was free to reject the evidence that Parks intended only to steal the money.

■ II. *The instructions.* Over timely objections by defense counsel, the trial court did not inform the jury of the State's duty to prove defendant and Parks had the necessary mutual intent. The instructions included language requiring proof of "an agreement or combination" to engage in criminal acts. They also required proof that defendant entered the agreement with intent to sell marijuana, but they did not say Parks had to have the same intent. This omission was underscored by an interrogatory from the jury asking specifically, "Do all parties have to have intent?" The court's response, challenged as inadequate by defense counsel, was, "I cannot answer your question. Please be guided by the Instructions."

■ We agree with the court of appeals that in view of the theory of defense and evidence in this case the trial court erred in refusing to instruct that the State had to prove the intent to sell marijuana was at some point mutual. *See generally State v. Templeton,* 258 N.W.2d 380, 382 (Iowa 1977). The court was correct in reversing and remanding the case for new trial.

DECISION OF COURT OF APPEALS AFFIRMED.