# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3389

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Christopher Adrian Jones, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 20, 2007
Filed: December 4, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

The panel in this case directed supplemental briefing from the parties on the issue of whether the predicate felony offenses used to impose a mandatory life sentence under 18 U.S.C. § 3559(c) constituted three separate serious violent felonies. The parties have filed supplemental briefs. The government now concedes that 18 U.S.C. § 3559(c)(3)(A) precludes the use of the robbery convictions previously relied upon to impose the mandatory life sentence. The government also concedes that the use of the predicate offenses to impose a life sentence constitutes clear error and asks that the matter be remanded for resentencing without the mandatory life sentence.

The sentence in this case is reversed and the matter is remanded to the district court for resentencing without the imposition of a mandatory life sentence under 18 U.S.C. § 3559(c). Based on the government's concession that the robbery convictions are not valid predicate offenses for purposes of the imposition of a life sentence, the court expresses no opinion as to whether each of the offenses qualifies as separate convictions under 18 U.S.C. § 3559(c)(1)(B). Likewise, the court expresses no opinion as to the ultimate sentence to be imposed in this case, and no opinion as to whether the defendant qualifies as a career offender under the federal sentencing guidelines.[1]

_____

_____

[1]We also express no opinion as to whether the recent amendments to the federal sentencing guidelines dealing with separate sentences under U.S.S.G. § 4A1.2 has any applicability to this case.