MURPHY, Circuit Judge.
Ryan William McMillan pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 84 months imprisonment based in part on its determination that his prior conviction for third degree riot was a crime of violence under the sentencing guidelines. McMillan appeals, and we vacate his sentence and remand for resentencing.
I.
McMillan pled guilty to being a felon in possession of a firearm in November 2015. The presentence investigation report recommended a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2) because McMillan had committed the current offense after felony convictions for a controlled substance offense and a crime of violence, specifically a 2009 Minnesota conviction for third degree riot. See Minn. Stat. § 609.71, subd. 3 (2009). McMillan objected to the presentence report’s determination that his conviction for third degree riot qualified as a crime of violence.
At McMillan’s May 2016 sentencing hearing, the district court overruled McMillan’s objection and determined that his third degree riot conviction qualified as a crime of violence because it had “as an element the use, attempted use, or threatened use of physical force against the person of another.” U.S.S.G. § 4B1.2(a)(l). After deciding that McMillan’s base offense level was 24, and adjusting his offense level, the court calculated an advisory guideline range of 92 to 115 months and sentenced McMillan to 84 months. McMillan appeals, arguing that the district court erred by overruling his objection that his prior conviction for third degree riot does not qualify as a crime of violence.
II.
We review de novo whether a conviction qualifies as a crime of violence. United States v. Rice, 813 F.3d 704, 705 (8th Cir. 2016). Section 2K2.1 of the guidelines provides that courts should apply a base offense level of 24 for a conviction of unlawful possession of a firearm if, among other factors, the defendant had previously “sustain[ed] at least two felony convictions of either a crime of violence or a controlled substance offense.” U.S.S.G. § 2K2.1(a)(2). A “crime of violence” is any federal or state offense punishable by more than one year imprisonment that either: “(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of *1056 a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to -another." U.S.S.G. §,4B1.2(a) (2015),[1] Subsection one contains the force clause and subsection two contains the enumerated and-residual clauses. See United States v. Jordan, 812 F.3d 1183, 1185 (8th Cir. 2016).[2]
III,.
McMillan argues that the district court erred by concluding that his prior conviction for third degree riot qualifies as a crime of violence under the force clause. To determine whether a prior conviction qualifies as a predicate offense under the force clause, “we apply a categorical approach, looking to the elements of the offense as defined in the ... statute of conviction rather than to the facts underlying the defendant’s prior conviction.” Rice, 813 F.3d at 705 (quoting United States v. Dawn, 685 F.3d 790, 794 (8th Cir. 2012)) (alteration in Dawn), -If the statute of conviction is divisible, however, “in that. it encompasses multiple crimes, some of which are crimes of violence and some of which are not, we apply a modified categorical approach to ‘look at the charging document, plea colloquy, and comparable judicial records’ for determining which part of the statute the defendant violated.” Id. (quoting Dawn, 685 F.3d at 794-95). “We then determine whether a violation of that statutory subpart is a crime of violence.” Id.
Minnesota’s .riot statute states: “When three or more persons assembled disturb the public peace by an intentional act or threat of unlawful force or violence to person or property, each participant therein is guilty of riot third degree....” Minn. Stat, § 609.71, subd. 3 (2009). Because a prior conviction only qualifies as a crime of violence under the force clause if it “has as an element the use, attempted use, or threatened ‘use- of physical force against the person of another,” U.S.S.G. § 481.2(a)(1) (2015) (emphasis added), we must determine whether we may use the modified categorical approach to analyze whether McMillan was convicted of using or threatening force against a “person or property” under Minn. Stat. § 609.71, subd. 3 (2009).
We may only apply the modified categorical approach to statutes that are divisible. See United States v. Headbird, 832 F.3d 844, 846 (8th Cir. 2016). To determine whether Minnesota’s third degree riot statute is divisible, we ascertain “which words or phrases in the statute are elements of the crime,” as opposed to the means, or specific facts, of satisfying these elements. Id. at 847-48. A list of alternative elements is divisible, but a list of alternative means is not. See Mathis v. United States, — U.S. —, 136 S.Ct. 2243, 2256, 195 L.Ed.2d 604 (2016).
The elements of a crime “are what the jury must find beyond a reasonable doubt to cpnvict- the defendant; and at a plea hearing, they are what the defendant necessarily admits when he pleads guilty.” *1057 Mathis, 136 S.Ct. at 2248 (citation omitted). The facts underlying a prior conviction, however, are “mere real-world things—extraneous to the crime’s legal requirements.” Id.
When analyzing which words or phrases of a statute form the elements of a crime, courts may look to the statute of prior conviction, state court decisions, and, as a last resort, “the record of a prior conviction itself.” Mathis, 136 S.Ct. at 2256. The text of Minnesota’s third degree riot statute “does not provide helpful guidance” as to whether the phrase “person or property” lists alternative means or alternative elements because “there is, for example, a uniform punishment for commission of’ third degree riot. See United States v. McArthur, 850 F.3d 925, 938 (8th Cir. 2017).
The relevant state court decisions suggest that the phrase “person or property” lists alternative means, not alternative elements. Two Minnesota appellate court decisions indicate that to convict a defendant of a riot offense, the state must prove that: “(1) [the defendant] was one of ‘three or more persons assembled’; [and] (2) the assembly ‘disturbed] the public peace by an intentional act or threat of unlawful force or violence to person or property.’ ” State v. Witherspoon, 2013 WL 3284272, at *2 (Minn. Ct. App. July 1, 2013) (unpublished) (quoting Minn. Stat, § 609.71, subd. 2, which is materially identical to Minn. Stat. § 609.71, subd. 3 (2009)); see also State v. Winkels, 204 Minn. 466, 283 N.W. 763, 764 (1939) (analyzing 2 Mason Minn. St. 1927, § 10280, which is materially identical to Minn. Stat. § 609.71, subd. 3 (2009)). That statement of the second element of a riot offense suggests that a jury is not required to agree unanimously on whether a “person or property” was affected by the crime and therefore indicates that they are alternative means, not elements. See McArthur, 850 F.3d at 938.
Moreover, in Witherspoon the Minnesota Court of Appeals stated that the state had proven the second element of the riot statute by introducing evidence that one of the persohs in the assembly “fired a handgun from a vehicle in a public place,” 2013 WL 3284272, at *3 (citing Winkels, 283 N.W. at 764). By- concluding that the state need only-provide evidence that a defendant fired- a weapon in a public place to satisfy the “person or property” element, the Minnesota Court of Appeals indicated that a jury need not unanimously agree, on whether a.“person or property” was the object of the offense. We see no reason why the Minnesota Supreme Court would disagree with the analysis in Witherspoon. See Blankenship v. USA Truck, Inc., 601 F.3d 852, 856 (8th Cir. 2010).
We may use a state’s model-jury instructions to “reinforce” our interpretation of the means or elements inquiry. See United States v. Lamb, 847 F.3d 928, 932 (8th Cir. 2017). The Minnesota model jury instructions also support the conclusion that the phrase “person or property” is a list of alternative means. The model instructions list the first two elements of third'degree riot as:
First, the defendant was one of three or more persons assembled together.
Second," those assembled disturbed the public peace by an intentional act or threat of unlawful force or violence to person or property.
Minnesota Jury Instruction Guides-Criminal (CRIMJIG) § 13.117. The model jury instructions, like Winkels and Wither-spoon, suggest that a jury would not have to agree unanimously on whether a “person or property” was. the object of the public peace disturbance to convict a defendant of a riot offense.
. The government argues that the phrase “person or property” is a list of alternative elements because the disjunctive “or” sep *1058 arates “person” from “property.” As Mathis recognizes, however, the use of the word “or” in a statute merely signals that we must determine whether the alternatives are elements or means; it is not determinative one way or another. See 136 S.Ct. at 2248-49. Indeed, we have concluded elsewhere that a list of alternatives was a list of means even though the statute used the word “or” between the alternatives. E.g., McArthur, 850 F.3d at 937-38.
We conclude that the phrase “person or property” lists 'two alternative means of committing the second element of the Minnesota third degree riot statute, Minn. Stat. § 609.71, subd. 3. The phrase “person or property” therefore is not divisible and we may not apply the modified categorical approach to determine under which alternative McMillan was convicted. McMillan’s prior conviction for third degree riot thus does not categorically qualify as a crime of violence under the force clause because the statute encompasses crimes against property. See U.S.S.G. § 4B1.2(a)(l). For these reasons, the district court erred by concluding that McMillan’s third degree riot conviction is a crime of violence under the force clause.
IV.
The government argues that even if McMillan’s third degree riot conviction does not qualify as a crime of violence under the force clause of U.S.S.G. § 4B1.2(a), the district court’s error was harmless because his riot conviction qualifies under the residual clause. At the time of McMillan’s sentencing, U.S.S.G. § 4B1.2(a) defined “crime of violence” to include crimes that “otherwise involve[] conduct that presents a serious potential risk of physical injury to another.” In 2015 the Supreme Court held that an identically worded residual clause in the Armed Career Criminal Act (ACCA),. 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. Johnson v. United States, — U.S. —, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). In 2017, however, the Court held that the residual clause in U.S.S.G. § 4B1.2(a)(2) is not unconstitutionally vague because “the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause.” Beckles v. United States, — U.S. —, 137 S.Ct. 886, 890, 197 L.Ed.2d 145 (2017).
Nevertheless, on January 8, 2016 the sentencing’ commission announced that it had unanimously voted to eliminate the residual clause from U.S.S.G. § 4B1.2(a)(2). See U.S. Sentencing Commission Adopts Amendment to Definition of “Crime of Violence” in Federal Sentencing Guidelines and Proposes Additional Amendments (Jan. 8, 2016), • http://www. ussc.gov/about/news/press-releases/ january-8-2016. The amendment became effective on August 1, 2016. U.S.S.G. app. C, amend. 798.
Although district courts are required to apply the guidelines in effect on the date of sentencing, they may consider pending amendments to the guidelines. See Lawin, 779 F.3d at 781. Because McMillan was sentenced in May 2016, the court was required to apply the 2015 version of U.S.S.G. § 4B1.2(a) which included the residual clause. While it would have been permissible for the district court to consider the Sentencing Commission’s proposed elimination of that clause, it did not reach this issue because both parties had solely analyzed whether McMillan’s prior conviction for third degree riot qualified as a “crime of violence” under the force clause.
We have often noted that “[w]hen it would be beneficial for the district court to consider an alternative argument in the first instance, we may remand the matter to the district court.” Tovar v. Essentia Health, 857 F.3d 771, 779 (8th Cir. 2017) *1059 (quoting Loftness Specialized Farm Equip., Inc. v. Twiestmeyer, 742 F.3d 845, 851 (8th Cir. 2014)). We conclude that this is the situation here, and we therefore remand for the district court to determine in the first instance whether McMillan’s prior conviction qualifies as a “crime of violence” under the residual clause and, if so, whether the district court should consider the proposed amendment to U.S.S.G. § 4B 1.2(a)(2).
V.
For these reasons McMillan’s sentence is vacated, and the case remanded for re-sentencing consistent with this opinion.

. Because the district court is required to apply the guidelines in effect on the date of sentencing, see United States v. Lawin, 779 F.3d 780, 781 (8th Cir. 2015) (per curiam), we analyze McMillan's sentence under-‘the ,2015 guidelines' which became effective on November 1, 2015.

. Although Jordan analyzes the Armed Career Criminal Act, not the guidelines, the definition of "crime of violence” in U.S.S.G. § 4B1.2(a) (2015) was "nearly identical to the definition of 'violent felony’ in 18 U.S.C. § 924(e)(2)(B),” and we see no reason to treat them differently here. United States v. Craig, 630 F.3d 717, 723 (8th Cir. 2011) (quoting United States v. Clinkscale, 559 F.3d 815, 817 (8th Cir. 2009)).