United States Court of Appeals

For the Eighth Circuit

_____

No. 18-3685

_____

United States of America

*Plaintiff - Appellee*

v.

Theodore David Newcomb

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: March 9, 2020
Filed: April 28, 2020
[Unpublished]

_____

Before ERICKSON, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Theodore Newcomb pled guilty to conspiracy to manufacture, distribute, and possess with intent to distribute five grams or more of actual methamphetamine, in

violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. The district court[1] determined that Newcomb was a career offender and imposed a low-end of the guidelines sentence of 188 months. In this appeal Newcomb challenges his designation as a career offender. We affirm.

The Presentence Investigative Report identified three felony convictions in Newcomb's criminal history that could qualify as predicate convictions under the career offender guideline: (1) possession of pseudoephedrine with intent to manufacture methamphetamine, in violation of Iowa Code §§ 124.401(4)(a) & (b); (2) manufacture of methamphetamine, in violation of Iowa Code § 124.401(1)(c)(6); and (3) conspiracy to manufacture methamphetamine, in violation of Iowa Code § 124.401(1)(c). Newcomb objected, arguing that his prior convictions did not meet the definition of "controlled substance offense" under U.S.S.G. § 4B1.2.

At sentencing, the government provided evidence to support each prior felony drug offense, including two additional convictions the government argued also qualified as predicate offenses: (1) possession of pseudoephedrine with intent to manufacture methamphetamine, in violation of Iowa Code § 124.401(4)(b); and possession of precursors with intent to manufacture a controlled substance, in violation of Iowa Code § 124.401(4). The government also illuminated Newcomb's Iowa conspiracy conviction by offering Shepherd documents to show that Newcomb was charged with conspiracy to manufacture methamphetamine under § 124.401(1)(c)(6), and later convicted of "the lesser and included offense" of conspiracy to manufacture methamphetamine under Iowa Code §§ 124.401(1)(c), 706.1, and 706.3.

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

The district court held that each of Newcomb's five felony drug convictions qualified as predicate offenses under the career offender guideline. Newcomb was in Criminal History Category VI, with or without the career offender designation. The application of the career offender guideline did, however, increase his total offense level from 25 to 31, increasing the guideline range from 110 to 137 months to 188 to 235 months. The court sentenced Newcomb to 188 months. On appeal, Newcomb renews his argument that his prior Iowa convictions do not meet the definition of "controlled substance offense" in U.S.S.G. § 4B1.2.

We review *de novo* a district court's decision that a prior conviction qualifies as a sentencing enhancement predicate, including application of the career offender guideline. United States v. Eason, 643 F.3d 622, 623 (8th Cir. 2011). Newcomb is a career offender under the guideline if his criminal history includes "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. A "controlled substance offense" is "an offense . . . that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. §4B1.2(b). In the commentary to § 4B1.2, the Sentencing Commission specified that "controlled substance offense" includes the offenses of aiding and abetting and conspiracy. U.S.S.G. § 4B1.2, comment. (n.1).

Newcomb's claim that convictions under Iowa Code § 124.401(1)(c) do not qualify as predicate offenses because Iowa's law is broader than the federal definition of "controlled substance offense" is foreclosed by precedent. United States v. Boleyn, 929 F.3d 932, 940 (8th Cir. 2019) (explaining that Iowa's aiding and abetting law is "substantially equivalent to" the federal standard for purposes of determining whether a controlled substance conviction is a qualifying predicate offense).

Newcomb also argues that one of his prior convictions under § 124.401(1)(c) for conspiracy to manufacture methamphetamine is not a predicate offense because his conviction references §§ 706.1 and 706.3, which set forth the definition and penalty for generic conspiracy. Whether a person is convicted under § 124.401(1)(c), a Class C felony, or under §§ 706.1 and 706.3, a Class D felony, the crime of conviction is the same – conspiracy to manufacture methamphetamine.

Under Iowa law, the object of the conspiracy is an element of the conspiracy offense, which must be proven beyond a reasonable doubt. See State v. Boyer, 342 N.W.2d 497, 499 (Iowa 1984) ("[W]e hold that section 706.1 requires that the conspirators actually agree at some point on the criminal act that serves as the object of the conspiracy."). We have held that "conspiracy to commit a controlled substance offense is itself a controlled substance offense as defined by the Guidelines." United States v. Merritt, 934 F.3d 809, 811 (8th Cir. 2019). Newcomb's prior Iowa conviction for conspiracy to manufacture methamphetamine under § 124.401(1)(c) is a predicate offense.

Newcomb has two qualifying prior convictions that meet the definition of "controlled substance offense" under U.S.S.G § 4B1.2. Because Newcomb was properly designated a career offender, we do not consider his other contentions. The judgment of the district court is affirmed.

_____