# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2067

_____

Christopher Adrian Jones,

*Petitioner - Appellant*,

v.

United States of America,

*Respondent - Appellee.*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: September 22, 2021
Filed: July 5, 2022

_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

In 2005, Christopher Jones pleaded guilty to conspiracy to commit Hobbs Act robbery and brandishing a firearm during a crime of violence. After his conviction became final, Jones moved for postconviction relief under 28 U.S.C. § 2255, arguing that his firearm conviction under 18 U.S.C. § 924(c) should be vacated in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). The district court denied relief, and

Jones appeals. Given the intervening decision in *Davis*, we conclude that Jones has overcome the procedural default of his challenge to the firearm conviction, and that relief is warranted.

Jones's convictions arose from the attempted robbery of a clothing store in Forrest City, Arkansas. Jones pleaded guilty to Counts One and Four of an indictment. Count Four charged aiding and abetting the brandishing of a firearm during a crime of violence "as alleged in counts one, two, and six of this Indictment." *See* 18 U.S.C. § 924(c)(1)(A)(ii). Count One charged Jones with conspiracy to commit Hobbs Act robbery, *see id.* § 1951, and a plea agreement provided that Jones committed the firearms offense in Count Four by brandishing a firearm during and in relation to the conspiracy charged in Count One. Under the plea agreement, the government agreed to dismiss other alleged predicate offenses for the § 924(c) violation. These other alleged predicates were Count Two, which charged Jones with aiding and abetting attempted Hobbs Act robbery, *see id.* § 1951(a), and Count Six, which charged unlawful possession of a firearm as a convicted felon, *see id.* § 922(g)(1).

At the change-of-plea hearing, Jones admitted the factual basis proffered by the prosecution. He acknowledged conspiring to rob employees of the clothing store, taking the employees hostage in their car, driving them to the store to attempt the robbery, and using a nine-millimeter firearm in the process. The district court sentenced Jones to life imprisonment, on the ground that he was convicted of a "serious violent felony" after two prior convictions for serious violent felonies. *See* 18 U.S.C. § 3559(c). On direct appeal, however, this court accepted the government's concession that Jones had not sustained the two prior convictions that justified a life sentence. *See United States v. Jones*, 256 F. App'x 850 (8th Cir. 2007) (per curiam). The district court on remand sentenced Jones to 216 months for the conspiracy and 84 consecutive months for the firearms conviction, for a total of 300

months' imprisonment. This court affirmed the judgment. *United States v. Jones*, 384 F. App'x 542 (8th Cir. 2010) (per curiam).

After the Supreme Court's decision in *Davis*, Jones moved under 28 U.S.C. § 2255 to vacate his conviction for brandishing a firearm during a crime of violence. *Davis* held that the "residual clause" of § 924(c)(3)(B), which defines "crime of violence," was unconstitutionally vague. Davis had pleaded guilty to brandishing a firearm during a conspiracy to commit Hobbs Act robbery. That conspiracy, however, qualified as a "crime of violence" only under the residual clause—*i.e.*, as an offense that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." In light of *Davis*, Jones argues that his § 924(c) conviction under Count Four should be vacated because he did not brandish a firearm during a crime of violence.

To obtain relief, Jones must overcome a procedural default. At his sentencing and on direct review, Jones did not argue that the residual clause was unconstitutionally vague or that his § 924(c) conviction should be vacated for lack of a valid predicate offense. In that circumstance, Jones may raise the claim in a postconviction proceeding only if he can demonstrate "cause" and "prejudice" or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998).

Jones has established cause for failing to raise the *Davis* issue on direct review, because the state of the law at the time of his appeal did not offer a reasonable basis upon which to challenge the guilty plea. *See Reed v. Ross*, 468 U.S. 1, 17 (1984). Before this court ruled on Jones's direct appeal, the Supreme Court had declared that the comparable residual clause in 18 U.S.C. § 924(e)(2)(B) was not unconstitutionally vague, *see James v. United States*, 550 U.S. 192, 210 n.6 (2007), and the Court reaffirmed that ruling shortly after Jones's conviction and sentence became final. *Sykes v. United States*, 564 U.S. 1, 15-16 (2011). Jones's present claim was

reasonably available only after the Supreme Court in *Johnson v. United States*, 576 U.S. 591 (2015), overruled prior decisions and held that the residual clause of § 924(e)(2)(B) was unconstitutionally vague. *See United States v. Snyder*, 871 F.3d 1122, 1127 (10th Cir. 2017).

Jones also has established prejudice, in that the error "worked to his actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis omitted). Count Four did not charge a violation of § 924(c), because none of the three predicate offenses cited in the charge constitutes a crime of violence under § 924(c)(3). Conspiracy to commit Hobbs Act robbery does not qualify, because conspiracy does not have as an element "the use, attempted use, or threatened use of physical force against the person or property of another," and the Supreme Court held in *Davis* that the residual clause is unconstitutionally vague. Aiding and abetting an attempted Hobbs Act robbery does not qualify, because no element of the attempted robbery offense requires that the defendant use, attempt to use, or threaten to use force. *United States v. Taylor*, No. 20-1459, 2022 WL 2203334 (U.S. June 21, 2022). The government concedes that unlawful possession of a firearm as a convicted felon is not a crime of violence. *Cf. United States v. Clark*, 563 F.3d 771, 773 (8th Cir. 2009). The government suggests that Jones also brandished the firearm during a carjacking, but carjacking was not charged as a predicate crime of violence under Count Four. With no predicate offense to support the charge of brandishing a firearm during a crime of violence, Jones has established that he likely would not have entered the guilty plea to Count Four, and that it would be a miscarriage of justice to leave in place his 84-month consecutive sentence on that count.

On the merits, Jones is entitled to relief on Count Four. We apply the framework of *Teague v. Lane*, 489 U.S. 288 (1989) (plurality opinion), to determine whether the Supreme Court's decision in *Davis* applies retroactively to cases on collateral review. *Barajas v. United States*, 877 F.3d 378, 381 (8th Cir. 2017). Under that framework, *Davis* qualifies as a substantive rule that applies retroactively. By

declaring unconstitutional the residual clause of § 924(c)(3)(B), *Davis* "changed the substantive reach" of § 924(c), "altering the range of conduct or class of persons" that the statute punishes. *Welch v. United States*, 578 U.S. 120, 129 (2016) (internal quotation omitted). Accordingly, we must apply *Davis* in this postconviction proceeding. *See King v. United States*, 965 F.3d 60, 64 (1st Cir. 2020); *In re Franklin*, 950 F.3d 909, 911 (6th Cir. 2020); *In re Mullins*, 942 F.3d 975, 979 (10th Cir. 2019); *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019); *In re Matthews*, 934 F.3d 296, 301 (3d Cir. 2019); *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019) (per curiam).

Applying *Davis*, it is apparent that Jones's sentence on Count Four was imposed in violation of law. According to *Davis*, Jones's conviction under § 924(c) was premised on a mistaken conclusion that conspiracy to commit Hobbs Act robbery was a crime of violence.

For these reasons, we reverse the judgment of the district court. The case is remanded with directions to vacate the conviction on Count Four and for further proceedings, including any appropriate motion under 18 U.S.C. § 3296.

_____