# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3759
_____

United States of America

*Plaintiff - Appellee*

v.

Devon Allen McConnell

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: October 17, 2022
Filed: April 14, 2023
_____

Before COLLOTON, KELLY, and KOBES, Circuit Judges.
_____

KELLY, Circuit Judge.

Devon McConnell pleaded guilty to three firearm and controlled-substance offenses. McConnell appeals, arguing that the district court[1] erred in sentencing him as a career offender under United States Sentencing Guidelines § 4B1.1(a) (2021).

---

[1]The Honorable John A. Jarvey, then Chief Judge, United States District Court for the Southern District of Iowa, now retired.

I.

McConnell was indicted in July 2020 for possession with intent to distribute a controlled substance, see 21 U.S.C. § 841(a)(1), (b)(1)(C); possession of a firearm in furtherance of a drug trafficking crime, see 18 U.S.C. § 924(c)(1)(A)(i); and possession of a firearm as a felon, see 18 U.S.C. § 922(g)(1). He pleaded guilty to all three counts pursuant to a plea agreement.

The presentence investigation report (PSR) recommended that McConnell qualified for a sentencing enhancement as a career offender based on two prior convictions for "crimes of violence": a 2004 Iowa conviction for conspiracy to commit willful injury causing bodily injury, see Iowa Code §§ 706.1, 706.3(2), 708.4(2), and a 2013 Illinois conviction for robbery, see 720 Ill. Comp. Stat. 5/18-1(a). See USSG §§ 4B1.1(a), 4B1.2(a). McConnell objected, arguing that neither offense qualified as a crime of violence.

At sentencing, the district court overruled McConnell's objection, resulting in an advisory Guidelines range of 262 to 327 months of imprisonment.[2] See USSG § 4B1.1(c)(3). The district court sentenced McConnell to 140 months for his controlled-substance conviction and 120 months for his felon-in-possession conviction, to be served concurrently. And it imposed a mandatory consecutive sentence of 60 months for McConnell's § 924(c) conviction, see 18 U.S.C. § 924(c)(1)(A)(i), (c)(1)(D)(ii), for a total of 200 months of imprisonment. McConnell appeals.

_____

[2]Because McConnell (1) was designated a career offender and (2) was convicted of a § 924(c) offense and at least one other offense, his Guidelines range was "determined using the table in" USSG § 4B1.1(c)(3). See USSG § 4B1.1(c)(2)(B).

II.

A defendant qualifies for a sentencing enhancement as a career offender under the Guidelines if, among other things, he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). A "crime of violence" is defined in relevant part as any federal or state offense "punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a)(1). McConnell contends that his prior Iowa conspiracy conviction does not qualify as a crime of violence under this force clause,[3] which is a question we review de novo. See United States v. Hamilton, 46 F.4th 864, 867 (8th Cir. 2022) ("We review *de novo* whether a predicate offense qualifies as a crime of violence as defined in § 4B1.2.").

To determine whether a prior conviction qualifies as a predicate offense under the force clause, "we apply a categorical approach, looking to the elements of the offense as defined in the statute of conviction rather than to the facts underlying the defendant's prior conviction." United States v. McMillan, 863 F.3d 1053, 1056 (8th Cir. 2017) (cleaned up) (quoting United States v. Rice, 813 F.3d 704, 705 (8th Cir. 2016)). If, based on those statutory elements, committing the offense "necessarily" requires the use, attempted use, or threatened use of physical force, see USSG § 4B1.2(a)(1), then the offense qualifies as a crime of violence. Hamilton, 46 F.4th at 869 (quoting United States v. Quigley, 943 F.3d 390, 394 (8th Cir. 2019)). "Conversely, if the crime can be committed without even the threatened use of physical force," then it does not qualify as such. Quigley, 943 F.3d at 394.

---

[3]McConnell does not appeal the district court's determination that his Illinois robbery conviction qualifies as a crime of violence.

We start with the statute of conviction. The parties agree that McConnell was convicted of a conspiracy offense in violation of Iowa Code §§ 706.1 and 706.3.[4] The first of these provisions is Iowa's general conspiracy statute, which provides in relevant part:

1. A person commits conspiracy with another if, with the intent to promote or facilitate the commission of a crime which is an aggravated misdemeanor or felony, the person does either of the following:
   a. Agrees with another that they or one or more of them will engage in conduct constituting the crime or an attempt or solicitation to commit the crime.
   b. Agrees to aid another in the planning or commission of the crime or of an attempt or solicitation to commit the crime.

Iowa Code § 706.1(1).[5] The second provision describes three types of conspiracies—(1) "conspiracy to commit a forcible felony"; (2) "conspiracy to commit a felony, other than a forcible felony"; and (3) "conspiracy to commit a

_____

[4]Throughout this opinion, we quote the current versions of the Iowa statutes at issue here, which are materially identical to the versions in force at the time of McConnell's 2004 conviction.

[5]The remainder of § 706.1 provides:

2. It is not necessary for the conspirator to know the identity of each and every conspirator.
3. A person shall not be convicted of conspiracy unless it is alleged and proven that at least one conspirator committed an overt act evidencing a design to accomplish the purpose of the conspiracy by criminal means.
4. A person shall not be convicted of conspiracy if the only other person or persons involved in the conspiracy were acting at the behest of or as agents of a law enforcement agency in an investigation of the criminal activity alleged at the time of the formation of the conspiracy.

misdemeanor"—and provides for a different maximum penalty for each type.[6] Id. § 706.3. Reading these two statutes in conjunction, a conspiracy under § 706.1 is "not a distinct crime in and of itself." United States v. Fisher, 25 F.4th 1080, 1084 (8th Cir. 2022). Rather, § 706.1 defines what constitutes a conspiracy generally. § 706.3, in turn, identifies three types of conspiracies, classified according to the type of crime (i.e., forcible felonies, non-forcible felonies, or misdemeanors) that is the conspiracy's object. And each type of conspiracy carries a different punishment. See Fisher, 25 F.4th at 1083–84 ("'If statutory alternatives carry different punishments, then they must be elements,' meaning they are treated as separate crimes." (cleaned up) (quoting Mathis v. United States, 579 U.S. 500, 518 (2016))).

The parties further agree that McConnell's Iowa conspiracy conviction involved a conspiracy to commit "a felony, other than a forcible felony."[7] Iowa Code § 706.3(2). But they disagree about whether § 706.3(2) is, itself, divisible. In other words, they dispute whether the specific non-forcible felony that is the object of a § 706.3(2) conspiracy is an element of the offense, or whether the statute instead defines a "singular" crime—namely, conspiracy to commit a felony, other than a forcible felony—that has a non-forcible-felony component that can be satisfied by

_____

[6]Under § 706.3, "[a] person who commits a conspiracy to commit a forcible felony is guilty of a class 'C' felony"; "[a] person who commits a conspiracy to commit a felony, other than a forcible felony, is guilty of a class 'D' felony"; and "[a] person who commits a conspiracy to commit a misdemeanor is guilty of a misdemeanor of the same class." A "class 'C' felon, not an habitual offender, shall be confined for no more than ten years," and a "class 'D' felon, not an habitual offender, shall be confined for no more than five years." Iowa Code § 902.9(1)(d)–(e).

[7]A "forcible felony" is "any felonious child endangerment, assault, murder, sexual abuse, kidnapping, robbery, human trafficking, arson in the first degree, or burglary in the first degree." Iowa Code § 702.11(1). Iowa law expressly provides that certain felony offenses, including willful injury, are "not forcible felonies." Id. § 702.11(2). An offense otherwise qualifies as a "felony" if "the statute defining the crime declares it to be a felony." Id. § 701.7; see, e.g., id. § 708.4(2) (providing that the offense of willful injury causing bodily injury is "[a] class 'D' felony").

"multiple factual means." Quigley, 943 F.3d at 394; see Fisher, 25 F.4th at 1083 ("If a statute contains alternatives, . . . then we must determine whether [it] is divisible into alternative elements—separate crimes—or instead sets forth alternative factual means to commit a single offense.").

McConnell argues that the statute is indivisible. On this view, the various non-forcible felonies that may serve as the criminal object of a § 706.3(2) conspiracy simply comprise a list of alternative means by which a defendant can commit such an offense. See McMillan, 863 F.3d at 1056 ("A list of alternative elements is divisible, but a list of alternative means is not."). More specifically, he characterizes his prior Iowa conviction as one for "conspiracy to commit a felony" and maintains that, in order to find him guilty under § 706.3(2), a jury did not need to unanimously agree on the precise non-forcible felony he conspired to commit. See Mathis, 579 U.S. at 506 (noting that a jury can convict a defendant without unanimously agreeing on the specific factual "means" by which the elements of a crime were satisfied). And because not all non-forcible felonies require the use, attempted use, or threatened use of physical force, see USSG § 4B1.2(a)(1), McConnell contends that § 706.3(2) is impermissibly overbroad. See United States v. Harris, 950 F.3d 1015, 1017 (8th Cir. 2020) ("A prior conviction for a non-divisible but overinclusive offense is not a crime of violence.").

The government, on the other hand, argues that the criminal object of a § 706.3(2) conspiracy is one of the elements of the offense. That would mean that § 706.3(2) is divisible, triggering the use of the modified categorical approach to determine the specific non-forcible felony McConnell conspired to commit. See Fisher, 25 F.4th at 1084 (explaining that if a statute "is divisible, setting forth multiple, alternative versions of the crime," we apply the modified categorical approach "to decide which of the alternatives was the basis for the [defendant's prior] conviction" (cleaned up)). And because willful injury causing bodily injury is itself a crime of violence, McConnell's prior conviction for conspiring to commit that offense is, according to the government, a crime of violence as well.

To make this "means-or-elements determination," we look to the statute's text and structure, "authoritative state court decisions," and the record of the defendant's prior conviction.[8] Fisher, 25 F.4th at 1084–86; see McMillan, 863 F.3d at 1056 ("To determine whether [a state statute] is divisible, we ascertain which words or phrases in the statute are elements of the crime, as opposed to the means, or specific facts, of satisfying these elements." (cleaned up)).

The text of § 706.3(2)—which only provides that conspiracies "to commit a felony, other than a forcible felony," shall be uniformly punished as "class 'D' felon[ies]"—does not offer "helpful guidance" as to whether its non-forcible-felony language encompasses "alternative means or alternative elements." McMillan, 863 F.3d at 1057 (quoting United States v. McArthur, 850 F.3d 925, 938 (8th Cir. 2017)). To commit any type of conspiracy offense in Iowa, however, a defendant must (1) have "the intent to promote or facilitate the commission of *a crime*" and then (2) either "[a]gree[] with" a co-conspirator to "engage in conduct constituting *the crime*" or "[a]gree[] to aid" a co-conspirator "in the planning or commission of *the crime*." Iowa Code § 706.1(1) (emphases added). The language of Iowa's general conspiracy statute thus indicates that the specific "crime" a defendant conspires to commit is a "constituent part[]" of the "legal definition" of a conspiracy under Iowa law. United States v. Headbird, 832 F.3d 844, 847 (8th Cir. 2016) (quoting Mathis, 579 U.S. at 504) (explaining what distinguishes elements from means).

Iowa courts, moreover, regularly incorporate the specific object of a conspiracy into the elements the prosecution must prove at trial to secure a conspiracy conviction. See id. ("The elements of a crime are . . . the things the prosecution must prove to sustain a conviction." (cleaned up) (quoting Mathis, 579 U.S. at 504)). The Iowa Supreme Court, for instance, has held that a conspiracy

_____

[8]Although we can resort to certain record documents such as indictments, jury instructions, and plea agreements "for help in making" the means-or-elements determination, Mathis, 579 U.S. at 518 n.7, here, the government did not enter any such documents related to McConnell's prior Iowa conspiracy conviction into the sentencing record.

conviction requires the prosecution to prove that the defendant and his co-conspirators "intended to commit the same criminal act." State v. Boyer, 342 N.W.2d 497, 498 (Iowa 1984); id. at 499 ("[W]e hold that [§] 706.1 requires that the conspirators actually agree at some point on the criminal act that serves as the object of the conspiracy."). Put another way, a defendant cannot be convicted of conspiracy if he intended to commit one crime (e.g., selling marijuana) and his co-conspirator intended to commit another (e.g., stealing a drug purchaser's money). See id. at 498; id. at 500 ("[T]he trial court erred in refusing to instruct that the State had to prove the intent to *sell marijuana* was at some point mutual." (emphasis added)).

Other Iowa state court cases similarly indicate that the elements of a conspiracy offense include the specific crime the defendant allegedly conspired to commit. See, e.g., State v. Davison, 973 N.W.2d 276, 279–80 (Iowa 2022) (reciting jury instructions indicating that a defendant can be convicted of "conspiracy to commit a forcible felony, *murder*," only if the prosecution proves, among other "*elements*," that the defendant (1) agreed with other co-conspirators to "commit *the crime of Murder*, a forcible felony," and (2) "entered into the agreement with the intent to promote or facilitate *the crime of Murder*" (emphases added)); State v. Corsi, 686 N.W.2d 215, 219 (Iowa 2004) (observing that, "[b]ased on" § 706.1 and a separate statute criminalizing controlled-substance offenses, "the State was obligated to prove that (1) [the defendant] agreed with one or more persons *to manufacture or attempt to manufacture methamphetamine*" and that "(2) [the defendant] entered into the agreement with the intent *to manufacture or promote the manufacture of methamphetamine*" (emphases added)); State v. Ross, 573 N.W.2d 906, 911 (Iowa 1998) (addressing jury instructions providing that a conviction for "conspiracy to commit *theft by deception*" required the prosecution to "show an agreement to commit *the crime of theft by deception*" (emphases added)).

It is also noteworthy that in discussing individual cases, Iowa courts routinely refer to conspiracies to commit particular offenses rather than to conspiracies to commit forcible or non-forcible felonies generally. See, e.g., Davison, 973 N.W.2d at 279 ("[T]he State filed a trial information . . . charging [the defendant]

with . . . conspiracy to commit a forcible felony, murder, in violation of Iowa Code sections 706.1 and 706.3."); Ross, 573 N.W.2d at 911 ("[T]he State charged [the defendant] with conspiracy to commit theft by deception in violation of [Iowa Code] section 714.1(3)."); State v. Blackman, 346 N.W.2d 12, 13 (Iowa 1984) (noting that a defendant was convicted of two counts of conspiracy, one for "conspiracy to commit second degree burglary," and one for "conspiracy to commit second degree theft"). But see State v. Rimmer, 877 N.W.2d 652, 659 (Iowa 2016) (noting that a defendant was charged with "conspiracy to commit a nonforcible felony" in violation of §§ 706.1 and 706.3 without offering additional details).

That the elements of a conspiracy offense include the specific object of the conspiracy is further reinforced by Iowa's model jury instructions. See Fisher, 25 F.4th at 1085 ("We may use a state's model jury instructions to reinforce our interpretation of the means or elements inquiry."). Those instructions state that a defendant "is guilty of Conspiracy" if the prosecution proves the following "elements" in relevant part:

1. [T]he defendant agreed with (name(s) of co-conspirators)
   a. that one or more of them would commit the (*offense*), or solicit another to commit the (*offense*); or
   b. attempt to commit the (*offense*).
2. The defendant entered into the agreement with the intent to promote or facilitate (*name of felony or aggravated misdemeanor*).
3. The defendant, or (name(s) of alleged co-conspirator(s)) committed an overt act.

Iowa J.I. Crim. § 600.1 (emphases added). According to Iowa's model jury instructions, the prosecution must therefore identify and prove which "offense" a defendant specifically conspired to commit. See Iowa Code § 701.2 ("A public offense is that which is prohibited by statute and is punishable by fine or imprisonment."); see also Mathis, 579 U.S. at 519 ("[J]ury instructions could indicate, by referencing one alternative term to the exclusion of all others, that the statute contains a list of elements, each one of which goes toward a separate crime.").

-9-

McConnell cites two Iowa cases where a defendant seems to have been convicted of conspiracy to commit either one of two distinct offenses, suggesting that the object crimes were alternative factual means rather than elements. See State v. Theodore, 150 N.W.2d 612, 613 (Iowa 1967) (involving a defendant who was convicted of "conspiracy to commit a felony (larceny and/or embezzlement)" under an earlier version of Iowa's conspiracy statute); State v. Larue, 478 N.W.2d 880, 881, 883 (Iowa Ct. App. 1991) (involving a defendant who was convicted of "conspiracy to commit second-degree theft or second-degree burglary" and reciting jury instructions suggesting that the defendant's conviction could have been based on an agreement to commit either offense). But in neither case did the court directly address the question raised here. Nor do the two cases provide sufficient reason to disregard the strong indications elsewhere in Iowa law that the specific object of a conspiracy is among the elements the prosecution must prove to secure a conspiracy conviction.

Based on the language and structure of Iowa's conspiracy statutes, Iowa state court decisions, and Iowa's model jury instructions, we conclude that § 706.3(2) is divisible as to the non-forcible felony that serves as the object of a conspiracy. Here, the specific object of McConnell's § 706.3(2) conspiracy is not in dispute: the PSR stated that McConnell was convicted of conspiracy to commit the offense of willful injury causing bodily injury, and McConnell does not contend that he conspired to commit a different offense. See Fisher, 25 F.4th at 1086 (explaining that when a statute is divisible, we must "determine which of the alternatives was the basis for the conviction" (cleaned up)).

The next question, then, is whether an Iowa conviction for conspiracy to commit willful injury causing bodily injury is a crime of violence under USSG § 4B1.2(a)'s force clause. Merely conspiring to commit a crime does not necessarily require the use, attempted use, or threatened use of physical force. See, e.g., Jones v. United States, 39 F.4th 523, 526 (8th Cir. 2022) (holding that conspiracy to commit Hobbs Act robbery does not qualify as a "crime of violence" under 18 U.S.C. § 924(c)'s near-identical force clause); see also United States v. Martinez, 991 F.3d

347, 354 (2d Cir. 2021) ("[B]ecause no violent act . . . must be committed in order to be guilty of the offense, conspiracy offenses are not *categorically* violent crimes."). But the commentary to the career offender guidelines states that a "crime of violence" includes "the offenses of aiding and abetting, *conspiring*, and attempting to commit such offenses." USSG § 4B1.2, comment. (n.1) (emphasis added); see United States v. Brown, 1 F.4th 617, 620–21 (8th Cir. 2021) (confirming that § 4B1.2's definition of "crime of violence" encompasses inchoate offenses). Accordingly, McConnell committed a "crime of violence" under the Guidelines if the offense he conspired to commit—namely, willful injury causing bodily injury, see Iowa Code § 708.4(2)—is itself a crime of violence.[9]

McConnell argues that willful injury causing bodily injury "is not a crime of violence because it does not require violent force." But this argument is foreclosed by our precedent. In United States v. Clark, 1 F.4th 632 (8th Cir. 2021), we concluded that willful injury causing bodily injury under § 708.4(2) "require[es] violent, physical force as an element" and thus qualified as a "violent felony" under the Armed Career Criminal Act's (ACCA) force clause. Id. at 636–37. And because we "generally interpret the identical ACCA and [G]uidelines force clauses interchangeably," United States v. Hataway, 933 F.3d 940, 942 n.2 (8th Cir. 2019), willful injury causing bodily injury qualifies as a "crime of violence" under the Guidelines as well.

---

[9]McConnell argues that "conspiracy offenses are not properly within" USSG § 4B1.2(a)'s definition of "crime of violence" because that guideline does not expressly mention conspiracies, and he asserts that the definition cannot be "expand[ed]" to include inchoate offenses via an "application note in the commentary." We have previously rejected this argument, however, and we are bound by those prior decisions. See United States v. Roberts, 975 F.3d 709, 718 (8th Cir. 2020); see also United States v. Garcia, 946 F.3d 413, 417 (8th Cir. 2019) ("[O]ur court has previously recognized that [application note 1 in the commentary to § 4B1.2] 'is a reasonable interpretation of the career offender guidelines that is well within the Sentencing Commission's statutory authority.'" (quoting United States v. Mendoza-Figueroa, 65 F.3d 691, 694 (8th Cir. 1995) (en banc)).

## III.

We affirm the judgment of the district court.

_____